**George A. FERNALD, Jr.**

v.

**MAINE STATE PAROLE BOARD.**

Supreme Judicial Court of Maine.

Submitted on Briefs.
Decided July 22, 1982.

George A. Fernald, Jr., pro se.

Karen G. Kingsley, Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C. J., and GODFREY, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

McKUSICK, Chief Justice.

Appellant Fernald, an inmate in the Maine State Prison at Thomaston, presents us with the questions whether the Maine

post-conviction review statute [1] provides for judicial review of the appellee Parole Board's refusal to discharge him from one of his sentences, a sentence imposed prior to the adoption of the Maine Criminal Code; [2] and if so, whether the post-conviction review statute is appellant's exclusive remedy. Holding that the post-conviction review statute does apply and is exclusive, we affirm the Superior Court's dismissal of this action brought by appellant under the Maine Administrative Procedure Act.[3]

Fernald was convicted of murder on May 27, 1966, and was sentenced to life imprisonment in the Maine State Prison. *See State v. Fernald*, Me., 248 A.2d 754 (1968) (direct appeal from murder conviction). The Governor on March 6, 1974, commuted Fernald's sentence from life to "eleven years, eleven months to life." The effect of the commutation was to advance the date on which Fernald became eligible for parole, and he was paroled on June 6, 1974. Three and a half years later, on February 16, 1978, he was convicted of robbery and aggravated assault with a firearm and was sentenced to concurrent terms of twenty years and ten years. *See State v. Fernald*, Me., 381 A.2d 282 (1978) (State's interlocutory appeal from pretrial order). In consequence of that conviction, Fernald's parole was revoked and he resumed serving the sentence imposed on his conviction for murder.

In 1981 Fernald initiated correspondence with the Parole Board asking that he be discharged from the original sentence. The Parole Board determined that Fernald was not eligible for discharge. Fernald persisted, and the Board sent him a letter dated September 23, 1981, informing him that future correspondence from him would not be answered:

[P]lease be assured that any future correspondence to the Division of Probation and Parole or the Parole Board concern-

ing your legal status with respect to these sentences will not be answered as it is clear that your questions and concerns have been adequately addressed.

Fernald then brought in Superior Court (Knox County) the petition now before us on appeal, styled "petition for judicial review of final agency action (5 M.R.S.A. § 11001)." The Board moved to dismiss the petition for lack of subject matter jurisdiction on the ground that the petition should have been brought under the post-conviction review statute. After a hearing, the court granted the Board's motion. The court entered the following notation on the docket:

Motion to dismiss: After hearing, Motion Granted. The Petitioner's exclusive remedy is Post Conviction Review.

Fernald appeals.

On the merits of Fernald's claim, the Parole Board takes the position that Fernald is serving a life sentence for his 1966 murder conviction and must serve ten years of parole successfully before he can be discharged from the sentence. Fernald argues that, as a result of the commutation, his sentence is a "minimum-maximum" sentence and the ten-year requirement does not apply. Fernald also disagrees with the Parole Board's assertion that his concurrent sentences for the 1978 convictions cannot begin until after the sentence for the 1966 murder conviction has been completed. On this appeal, we do not reach those contentions because the Superior Court was correct in dismissing Fernald's petition on the ground that judicial review of the Board's action or refusal to act was available only under the post-conviction review statute.

Initially we must note that the Superior Court did not make a proper entry on the docket to dispose of the case. The entry must be in the form of an order directing a specific disposition of the matter in issue. "Motion granted" is ordinarily not

1. 15 M.R.S.A. § 2121 *et seq.* (Supp.1981), enacted as chapter 305–A of title 15 by P.L.1979, ch. 701, § 15, to be effective July 3, 1980, and amended in respects not here relevant by P.L. 1981, ch. 238.

2. Title 17–A, M.R.S.A. (Supp.1981).

3. 5 M.R.S.A. § 8001 *et seq.* (1979 & Supp. 1981).

sufficient to meet that requirement. *See State v. Baker*, Me., 390 A.2d 1086, 1088–89 (1978). Strictly speaking, an appeal taken without a proper docket entry is premature and should be dismissed. *See Breau v. Breau*, Me., 418 A.2d 193 (1980). In this case, however, the court's intent to dismiss the action is obvious; principles of judicial economy counsel that the deficiency in form should not delay the Law Court's consideration of this appeal. Accordingly, we simply direct that the docket entry be modified to read "action dismissed."

The post-conviction review statute by its terms is a mechanism for "review of . . . criminal judgments and of post-sentencing proceedings occurring during the course of sentences." 15 M.R.S.A. § 2122 (Supp. 1981). Section 2121(2) defines "post-sentencing proceeding" as "a court proceeding or administrative action occurring during the course of and pursuant to the operation of a sentence which affects whether there is incarceration or its length, including revocation of parole or entrustment of a juvenile, failure to grant parole or an error of law in the computation of a sentence."

On the face of these definitions, the Parole Board's refusal to discharge Fernald from his sentence under the 1966 conviction plainly is a "post-sentencing proceeding" within the meaning of the post-conviction review statute. It is an "administrative action occurring during the course of and pursuant to the operation of a sentence which affects whether there is incarceration or its length." Further, it appears that Fernald is alleging that the Parole Board committed "an error of law in the computation of a sentence": namely, treating Fernald's sentence under the 1966 conviction as a life sentence rather than a "minimum-maximum" sentence.

If one gives the word "sentence" its plain and ordinary meaning, it is beyond doubt that the post-conviction review statute provides Fernald with a way of getting judicial review of the Parole Board's action or inaction. Fernald, however, raises a problem with applying the customary rule of construction that statutory language will be given its plain and ordinary meaning, *see Paradis v. Webber Hospital*, Me., 409 A.2d 672, 675 (1979). As used in the post-conviction review statute, section 2121(3) defines "sentence" as "mean[ing] a sentence pursuant to Title 17–A, section 1152, or a juvenile disposition entered pursuant to section 3314." Title 17–A, the Maine Criminal Code, became effective May 1, 1976. Fernald's sentence for murder was imposed in 1966 pursuant, of course, not to section 1152, but rather to pre-Code law. He therefore argues that the post-conviction review statute does not apply to his sentence and other means may and indeed must be used to secure judicial review.

■ We disagree. Any statute must be construed as a whole in order to effectuate the legislative intent. *In re Belgrade Shores, Inc.*, Me., 359 A.2d 59, 61 (1976); *Rackliff v. Inhabitants of Greenbush*, 93 Me. 99, 104, 44 A. 375, 376 (1899). Although the definition of "sentence" in section 2121(3) standing alone appears to be restrictive, other language in the post-conviction review statute makes it clear that the statute was intended to apply to sentences imposed prior to the effective date of the Criminal Code. The very definition of "post-sentencing proceeding" includes "revocation of parole or . . . failure to grant parole." Since the Criminal Code abolished the institution of parole except as applied to prisoners sentenced prior to the Code's effective date, the reference to parole proceedings in section 2121(2) has one obvious meaning: the post-conviction review statute is intended to apply to proceedings involving pre-Code sentences such as Fernald's.

■ Strong support for this proposition is provided by 15 M.R.S.A. § 2122, which contains a broad statement of the purpose of the post-conviction review statute. The purpose is to "provide a comprehensive and, except for direct appeals from a criminal judgment, the exclusive method of review of those criminal judgments and of post-sentencing proceedings occurring during the course of sentences." Section 2122, enacted as part of a complete revision of the

post-conviction procedures to be effective July 3, 1980, goes on to state that the post-conviction review statute replaces "remedies available pursuant to post-conviction habeas corpus, . . . coram nobis, writ of error, declaratory judgment and any other previous common law or statutory method of review, except appeal of a judgment of conviction or juvenile adjudication and remedies which are incidental to proceedings in the trial court." The plain purpose of the post-conviction review statute is to provide a single, unified system of post-conviction relief, replacing the procedural complexities of the past. *Cf. Doyon v. State*, 158 Me. 190, 198–99, 181 A.2d 586, 590, *cert. denied*, 371 U.S. 849, 83 S.Ct. 85, 9 L.Ed.2d 84 (1962) (remarking on prisoners' complaint that they were caught on the "post-conviction merry-go-round"). That purpose is fully served only by applying the provisions of the post-conviction review statute to sentences imposed both before and after the effective date of the Criminal Code.

Having decided that issue, we can easily dispose of Fernald's contention that he has an alternative mode of relief under the judicial review provision of the Maine Administrative Procedure Act, 5 M.R.S.A. § 11001 (1979 & Supp.1981). We have already noted that 15 M.R.S.A. § 2122 expressly provides that the post-conviction review statute shall be the exclusive mode of review of the matters that it covers. This provision brings this case within the exception clauses of sections 11001 and 8003 of the Administrative Procedure Act.[4]

The entry is:

Judgment of Superior Court modified to read "Action dismissed." As so modified, judgment affirmed.

All concurring.

**4.** 5 M.R.S.A. § 11001 (1979 & Supp.1981) provides for judicial review pursuant to the Administrative Procedure Act "[e]xcept where a statute provides for direct review . . . or where judicial review is specifically precluded or the issues therein limited by statute."

5 M.R.S.A. § 8003 (1979) provides that inconsistent statutory provisions shall yield to the Administrative Procedure Act "[e]xcept where expressly authorized by statute."