v.

**George BENNETT, III.**

Supreme Judicial Court of Maine.

Argued Sept. 8, 1986.
Decided Sept. 24, 1986.

STATE of Maine

v.

**Richard HASKELL.**

Supreme Judicial Court of Maine.

Argued Sept. 2, 1986.
Decided Sept. 30, 1986.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

Mary Tousignant, Dist. Atty., David Gregory, (orally), Alfred, for the State.

Seaborne Associates, Thomas E. Powers, Levenson & Vickerson, David Beneman (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

McKUSICK, Chief Justice.

Defendant Richard Haskell again attempts to appeal his conviction in the Superior Court (York County) on November 16, 1984, for the crime of impersonating a public servant in violation of 17–A M.R.S.A. § 457(1) (1983). On Haskell's previous appeal from the same judgment of conviction, the State filed a motion to dismiss the appeal as moot. On May 29, 1985, this court granted the State's motion and dismissed the appeal "[b]ecause the record indicate[d] that [defendant's] fine of $100 was paid in full on the same day that it was imposed," leaving nothing on which an appeal might operate. *State v. Haskell,* 492 A.2d 1265, 1266 (Me.1985) (*Haskell I*) (citing *State v. Lewis,* 406 A.2d 886 (Me.1979)). Even though Haskell later obtained a Superior Court order changing the record to reflect a deposit rather than a payment of the fine, he still fails to establish any basis on his second appeal for us to review the merits of his conviction. We therefore dismiss the second appeal as well.

During the pendency of his first appeal, even though he was made aware of the mootness problem by the State's motion, Haskell did nothing to avail himself of the relief that M.R.Crim.P. 39(h)[1] would have afforded him. By that rule Haskell could have moved to amend the Superior Court record to correct the allegedly erroneous docket entry and to reflect that Haskell had, pursuant to M.R.Crim.P. 38(b), paid his fine only as a deposit pending appeal. This Haskell did not do. Not until January, 1986, nearly eight months after this court had dismissed his appeal, did Haskell finally stir himself through different counsel to petition the Superior Court to amend the record to state that he deposited his fine money pending the outcome of his appeal. On January 29, 1986, a Superior Court justice ordered that the record be amended in accordance with Haskell's motion.

Established principles of finality of judgments preclude Haskell's attempt to appeal a second time from his conviction, since this court finally disposed of his appeal by its mandate entered on May 29, 1985, in *Haskell I.* There, even though the issue was raised, Haskell elected to make no contest of the correctness of the Superior Court docket reflecting payment in full of the fine imposed upon him. Accepting payment of the fine as the true fact, at least for the purposes of the appeal from his conviction, he, in *Haskell I,* argued that we should overrule our 1979 holding in *State v. Lewis,* 406 A.2d at 888, that "the voluntary payment of a fine terminates the action and leaves nothing upon which an appeal might operate." That we declined to do. By principles of *res judicata,* Haskell is now foreclosed from taking another appeal from his conviction on a different theory. *See Kradoska v. Kipp,* 397 A.2d

---

1. M.R.Crim.P. 39(h) provides: "If any difference arises as to whether the record on appeal truly discloses what occurred in the Superior Court or if anything material to either party is omitted from the record on appeal, the Superior Court may on motion or suggestion supplement the record to correct the omission or misstatement or the Law Court may on motion or suggestion direct that a supplemental record be transmitted by the Superior Court clerk. All other questions as to the content and form of the record shall be presented to the Law Court."

562 (Me.1979). "[T]he scope of the bar extends to all issues 'tried or that might has been tried' in the prior action." *Id.* at 565 (*quoting Bray v. Spencer,* 146 Me. 416, 418, 82 A.2d 794, 795 (1951)). *See also State v. Larrivee,* 481 A.2d 782, 783 (Me. 1984).

In any event, Haskell's second appeal from his November 16, 1984 judgment of conviction, which he filed on February 5, 1986, was altogether untimely. Even if the Superior Court had had authority to issue its January 29, 1986 order correcting the record to show a fine deposit rather than a fine payment, that alteration related only to the execution of the sentence, and not at all to the judgment of conviction and the sentence of $100 fine entered on November 16, 1984. By M.R.Crim.P. 37(c) that judgment was appealable only for a period of 20 days after its entry, with limited exceptions of no relevance here.

For each of these reasons, the entry is:

Appeal dismissed.

All concurring.

