STATE of Maine

v.

Dana GOODINE.

Supreme Judicial Court of Maine.

Argued Jan. 15, 1991.

Decided Feb. 25, 1991.

Stephanie Anderson, Dist. Atty., Diane Powers (orally), Asst. Dist. Atty., Portland, for the State.

Marshall Waldron (orally), Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN and BRODY, JJ.

BRODY, Justice.

Defendant Dana Goodine appeals from his convictions entered in the Superior Court (Cumberland County, *McKinley, J.*)

after a jury found him guilty of theft by receiving in violation of 17–A M.R.S.A. § 359 (1983) and leaving the scene of an accident in violation of 29 M.R.S.A. § 894 (1978). Goodine contends that the court (*Perkins, J.*) erred in denying his appointed counsel's request for leave to withdraw from representation and in failing to inquire into the reasons for the requested withdrawal. Finding no error, we affirm the judgments.

Goodine's indictment arose out of his identification as the driver of a stolen car involved in a collision in Portland on October 31, 1988. Prior to his arraignment on March 24, 1989, counsel was appointed to represent him. Goodine states on appeal that he gave his lawyer the names of two alibi witnesses whom he wanted contacted. After Goodine's lawyer interviewed the potential witnesses, however, he informed Goodine that a jury would not find them credible and that he would not call on them to testify. Goodine also states that he wanted to take the stand in his own behalf, but counsel refused to let him because of his prior criminal record.

On July 24, 1989, Goodine and his lawyer appeared in court for jury selection, after which the case was continued for trial. A few days later, according to Goodine, he discharged his lawyer because he would not conduct Goodine's defense in a manner satisfactory to him. Counsel filed a request for leave to withdraw on July 31, 1989.[1] Although he asked for a nontestimonial hearing estimated to take fifteen minutes, the court denied that request without further inquiry. Goodine was convicted on September 12, 1989, after a jury trial at which neither he nor any other witnesses testified in his behalf.

On appeal, Goodine first argues that the court erred in denying his appointed counsel's request for leave to withdraw. He contends that the court effectively forced him to proceed to trial with a lawyer in whom he had no confidence and with whom he had no rapport. He also contends that he was required to accept a trial strategy with which he disagreed and that denied him the opportunity to present himself and his witnesses to the jury. As a result, he argues, the court deprived him of his constitutional right to the effective assistance of counsel.[2]

■ The denial of a motion for withdrawal or substitution of counsel is generally discretionary with the court. *See State v. Clark*, 488 A.2d 1376, 1377 (Me. 1985); *State v. Stinson*, 424 A.2d 327, 331 (Me.1981). Although an indigent defendant has the right to be represented by a lawyer, *Argersinger v. Hamlin*, 407 U.S. 25, 29–33, 92 S.Ct. 2006, 2008–10, 32 L.Ed.2d 530 (1972); *State v. Stinson*, 424 A.2d at 331, he has no right to be represented by a lawyer other than the one who has been appointed to represent him except for good cause. *United States v. Allen*, 789 F.2d 90, 92 (1st Cir.1986). Only when the defendant can establish "good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which [could] lead[ ] to an apparently unjust verdict" must the court substitute new counsel. *McKee v. Harris*, 649 F.2d 927, 931 (2d Cir.1981).

■ The record does not substantiate Goodine's allegations of a "complete breakdown" in his relationship with his lawyer. As a general rule, we will not consider an issue on appeal unless it was raised in the trial court and the record on appeal is suffi-

---

1. The request for leave to withdraw stated in pertinent part:

   The above named Defendant has notified the undersigned counsel that my services are no longer desired by the Defendant. The Defendant is seeking alternate counsel. It would serve the interest of both Defendant and counsel to comply with the wishes of the Defendant. This matter does not now appear on any criminal trial list, and will not unduly delay the proceedings.

   WHEREFORE, the undersigned counsel requests that he be allowed to withdraw as the Defendant's attorney of record.

2. Goodine purports to make no claim of ineffective assistance of counsel on this appeal because, as he concedes, the record on appeal is insufficient to clearly demonstrate the existence of representational deficiencies that cannot be rationally explained or justified. *See State v. Bagley*, 507 A.2d 560, 563 (Me.1986).

cient to allow an informed review of the questions involved. *State v. Desjardins*, 401 A.2d 165, 169 (Me.1979).[3] Because the record discloses no more than counsel's statements in his request for leave to withdraw that his services were "no longer desired" and that Goodine was "seeking alternate counsel," both clearly insufficient to establish good cause, we cannot say that the trial court abused its discretion in denying counsel's request.

■■■ Goodine next argues that the court had a duty to inquire into the reasons for his dissatisfaction with counsel in order to exercise its discretion in an informed manner and that the court abused its discretion when it failed to make any inquiry at all. We do not agree that the court's failure to ascertain the reasons for the requested withdrawal and substitution of counsel in this particular instance amounted to an abuse of discretion.

In evaluating whether the trial court's denial of a request for leave to withdraw constituted an abuse of discretion, we must consider the adequacy of the court's inquiry into the defendant's complaint. *United States v. Allen*, 789 F.2d at 92; *see State v. Clark*, 488 A.2d at 1377; *State v. Stinson*, 424 A.2d at 331. It is generally accepted that further inquiry is required "whenever the stated reasons for wanting substitute counsel, on their face, present substantial grounds for granting the motion or clearly call for further inquiry by the court." *Hudson v. Rushen*, 686 F.2d 826, 829 (9th Cir.1982). The court must take the time to inquire, therefore, when a defendant voices "objections to appointed counsel," *United States v. Allen*, 789 F.2d at 92, "a seemingly substantial complaint about counsel," *Wilson v. Mintzes*, 733 F.2d 424, 428 (6th Cir.1984), or "a question of the continued effective assistance of

counsel." *Lewis v. United States*, 446 A.2d 837, 842 (D.C.1982).

Here, by contrast, counsel's request for leave to withdraw expressed no specific objections to or complaints about counsel on the part of Goodine, raised no questions as to the effective assistance of counsel, and contained no allegations of grounds that would warrant granting the request.[4] On these facts, the court's duty to inquire into Goodine's reasons for his claimed dissatisfaction with his appointed counsel was not adequately triggered. While it is always preferable for the court to make at least a threshold inquiry on the record as a matter of sound practice and in the interest of judicial economy, in these circumstances the court's failure to make such an inquiry on the basis of the mere recital that Goodine "no longer desired" his lawyer's services and was "seeking alternate counsel" falls short of establishing a judicial abuse of discretion.

Goodine's argument that the Maine Bar Rules compelled the court to grant his appointed counsel's request for leave to withdraw is without merit and does not warrant discussion.

The entry is:

Judgments affirmed.

All concurring.

---

3. A collateral proceeding for post-conviction review would have been more appropriate than a direct appeal for resolution of the questions raised by Goodine's first argument. Unlike a direct appeal, post-conviction review permits the presentation of additional evidence to expand the evidentiary record. M.R.Crim.P. 73.

4. A motion to withdraw under M.R.Crim.P. 44B "should state the grounds for requesting withdrawal" and "should set forth any circumstances tending to diminish prejudice to the defendant by the withdrawal." 2 Cluchey & Seitzinger, *Maine Criminal Practice* § 44B.2 at 44B–2 (1987 & Supp.1989).