1997 ME 181

**STATE of Maine**

v.

**Daniel DONOVAN.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 23, 1997.

Decided Aug. 8, 1997.

David W. Crook, District Attorney, Alan P. Kelley, Dep. Dist. Atty., Augusta, for State.

Nathaniel T. Hussey, Hallowell, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, RUDMAN, and LIPEZ, JJ.

WATHEN, Chief Justice.

[¶ 1] Defendant Daniel Donovan appeals from the judgments entered in the Superior Court (Kennebec County, *Alexander, J.*) following a jury verdict finding him guilty of gross sexual assault (Class A), 17–A M.R.S.A. § 253 (Supp.1996); assault (Class D), 17–A M.R.S.A. § 207 (1983 & Supp.1996); criminal mischief (Class D), 17–A M.R.S.A. § 806 (1983 & Supp.1996); and violation of a bail condition (Class E), 15 M.R.S.A. § 1092 (Supp.1996). Defendant contends the court erred by refusing to allow him to cross-examine the complainant concerning the conditions of her probation, by allowing the complainant to testify that she had been involved in several abusive marriages prior to her relationship with him, and by refusing to appoint substitute counsel for his sentencing. He also asserts that he was denied effective assistance of counsel at his trial. We affirm the judgments.

[¶ 2] The evidence presented at the trial may be summarized as follows: On the night of June 22, 1994, defendant, his girlfriend Robyn Reed, and two other friends were celebrating Robyn's recent divorce at defendant's house in Monmouth. Robyn's two young children were also present. At one point during the evening, defendant became angry at Robyn and her friend, Melissa Lowe, and began threatening them. Robyn and Melissa ran from the house and defendant threw an ashtray at Robyn, hitting her in the back. As they were running away, they could hear the sound of breaking glass. Robyn and Melissa ran to a neighbor's house

and asked him to call the police. The women returned to the house with the police to get Robyn's children and saw that Robyn's car was damaged. Robyn went to the police station with her children but later returned to the house with the police. Defendant apologized and said everything would be all right, and Robyn decided that she and her children would stay with him. After the police left, defendant became angry and started hitting Robyn and pulling her hair. Robyn told him that she heard someone at the door, and while he went to see if anyone was there, she dialed 911. When defendant returned and saw the phone off the hook, Robyn ran down the hallway to get away from him. Defendant caught Robyn, kicked her, and pulled off her pants. He ripped off her underwear, put on a condom, and began having intercourse with her. Robyn then heard the police at the door and screamed for them to come inside. Robyn was taken to the hospital and examined. Defendant was convicted on all counts and this appeal followed.

### I.

[¶ 3] Defendant contends that the court improperly denied him the opportunity to cross-examine Robyn about her motivation for testifying and that the court's denial violated his sixth amendment right to confront witnesses against him. Defendant sought to introduce evidence that Robyn had been placed on probation prior to the June 22, 1994 incident and that one of her probation conditions required her to "testify truthfully in [the] matter of State vs. Robert Gushue[,]" and to "make herself available for process." The court excluded the evidence as misleading given the lack of any connection between Robyn's probation condition and the present case. Defendant was permitted, however, to ask Robyn whether she was testifying voluntarily, to which question she answered yes, and whether she had been served a subpoena, to which question she answered no.

[¶ 4] Maine Rule of Evidence 403 provides that the trial court may exclude

evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." We review the exclusion of evidence for an abuse of discretion. *State v. Cloutier*, 1997 ME 96, ¶ 5, 695 A.2d 550; *State v. Hayes*, 675 A.2d 106, 109 (Me.1996). When the evidence in question is proffered by a defendant in a criminal proceeding, and the State contends the evidence is inadmissible, "the defendant's right to confront and cross-examine the witnesses against him significantly circumscribes the court's discretion to exclude the evidence." *State v. Graves*, 638 A.2d 734, 737 (Me.1994) (footnote omitted).[1] "A fundamental component of the right to confront one's accuser secures for the criminal defendant the right to cross-examine to explore the motivations of the witness to testify." *State v. Warren*, 661 A.2d 1108, 1111 (Me.1995) (citing *Davis v. Alaska*, 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974)); *Graves*, 638 A.2d at 738.

[¶ 5] The trial court acted within its discretion when it determined that evidence of probation conditions imposed prior to the incident in question would be substantially more misleading than probative. Furthermore, defendant was permitted to explore Robyn's motivation for testifying even though he was prohibited from asking about the conditions of her probation in the unrelated case. See *State v. Huntley*, 681 A.2d 10, 13 (Me.1996) (defendant's sixth amendment right was not violated when he was allowed to ask the victim whether she had been coerced into testifying by third party who abused her, even though he was prohibited from asking questions about specific instances of the third party's abuse of the victim). Defendant's right to confront the witness was not violated by the court's ruling.

### II.

[¶ 6] Defendant asserts the court erred by allowing the victim to respond to the State's

---

1. The right of confrontation is guaranteed by the sixth amendment to the U.S. Constitution and article 1, section 6 of the Maine Constitution.

**1048**

question about the nature of her marital relationships prior to her involvement with him. He argues that Robyn's testimony that she had been involved in prior abusive relationships created the inference that her relationship with him was also abusive, and portrayed her as a chronic victim. In essence, he asserts that such evidence has no relevance as to his conduct and constitutes improper character evidence with respect to Robyn.[2]

[¶ 7] On direct examination, the State asked Robyn about her relationships with her prior husbands. She testified that "[t]hree of them were not good at all and one of them was a good relationship[,]" and that "[i]t was mental and physical abuse." The court admitted this testimony over defendant's objection. The court reasoned that defendant had opened the door for this question by suggesting in his opening statement that Robyn's voluntary return to his house demonstrated the pretextual nature of her accusations. The court stated: "We all know from the history of abuse cases that women in violent relationships tend to go back to those relationships, even in the face of immediate violence."

[¶ 8] Although the State may introduce evidence to rebut an inference created by evidence introduced by the defendant, "[a] distinction exists between assertions made by counsel in an opening statement and the testimony of witnesses during trial. The latter is evidence; the former is not." *State v. Bazinet*, 372 A.2d 1036, 1040 (Me.1977). The defendant's opening statement did not "open the door" for rebuttal evidence concerning matters never placed in issue by the evidence. *See Burns v. State*, 609 So.2d 600, 605 (Fla.1992) (citation omitted); *People v. Whiters*, 204 Ill.App.3d 334, 149 Ill.Dec. 861, 865–66, 562 N.E.2d 325, 329–30 (1990); *Evans–Smith v. Commonwealth*, 5 Va.App. 188, 361 S.E.2d 436, 441 (1987).

[¶ 9] Robyn's prior marital history was not otherwise relevant and the admission of her testimony was error. We find, however, that it is highly probable the error did not affect the jury's verdict and the error was therefore harmless. *State v. Phillipo*, 623 A.2d 1265, 1268 (Me.1993); *State v. True*, 438 A.2d 460, 467 (Me.1981).

### III.

[¶ 10] Donovan contends the court abused its discretion when it denied Donovan's post-trial motion for substitute counsel at sentencing. "The denial of a motion for withdrawal or substitution of counsel is generally discretionary with the court." *State v. Goodine*, 587 A.2d 228, 229 (Me.1991) (citations omitted). "The sixth amendment right to counsel does not confer upon a defendant an absolute right to counsel of defendant's choice. Nor does it guarantee a 'meaningful relationship' between an accused and his counsel." *State v. Barrett*, 577 A.2d 1167, 1171 (Me.1990) (quotations and citations omitted). The defendant has

> no right to be represented by a lawyer other than the one who has been appointed to represent him except for good cause. Only when the defendant can establish "good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which [could] lead to an apparently unjust verdict" must the court substitute new counsel.

*Goodine*, 587 A.2d at 229 (citations omitted).

[¶ 11] Defendant supported his request for a substitution by asserting that (1) his attorney's assistance at the trial was "shoveled down [his] throat" and he never really agreed to his attorney's representation, and (2) his attorney's representation was inadequate because he failed to introduce the forensic chemist's written report

---

2. Rule 404 provides:
   (a) **Character Evidence Generally.** Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
   (1) *Character of Accused.* Evidence of a pertinent trait of his character offered by an ac-
   cused, or by the prosecution to rebut the same;(2) *Character of Witness.* Evidence of the character of a witness, as provided in Rules 607, 608, and 609.
   (b) **Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.

relied on by the chemist while testifying and requested by the jury during deliberation. The court did not abuse its discretion in denying defendant's motion.[3]

## IV.

[¶ 12] Finally, defendant contends he was denied effective assistance of counsel at his trial. We recently concluded that a claim of ineffective assistance of counsel will not be addressed on direct appeal and must be raised by post-conviction review. *State v. Nichols,* 1997 ME 178, 698 A.2d 521.

The entry is:

Judgments affirmed.

3. Defendant also asserts the court erred because it failed to act on his pretrial motion for a substitute counsel. The court did not err, however, because defendant and his attorney resolved their differences. Defendant never requested that his motion be heard and never raised the issue at the trial.