2004 ME 81

**STATE of Maine**

v.

**Daniel DONOVAN.**

Supreme Judicial Court of Maine.

Argued: Sept. 9, 2003.
Decided: June 29, 2004.

773

Evert N. Fowle, District Attorney, Alan P. Kelley, Deputy Dist. Atty. (orally), Augusta, for State.

Andrews B. Campbell (orally), Campbell Law Offices, P.C., Waldoboro, for defendant.

---

1. For a more detailed account of the night's events, see *State v. Donovan*, 1997 ME 181,

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA. CALKINS, and LEVY, JJ.

DANA, J.

[¶ 1] Pursuant to 15 M.R.S.A. § 2138(6) (2003) and M.R.App. P. 19(a), we authorized Daniel Donovan's appeal from an order issued by the Superior Court (Kennebec County, *Atwood, J.*) denying his post-conviction motion for DNA analysis and granting the State's motion to dismiss.

[¶ 2] Donovan contends that the Superior Court erred in concluding that his identity as the perpetrator of the crime was not at issue during trial. 15 M.R.S.A. § 2138(4)(E) (2003). The State contends that the Superior Court erred in concluding that "[t]he evidence sought to be analyzed [was] material to the issue of [Donovan]'s identity as the perpetrator of ... the crime ...." *Id.* § 2138(4)(A). We conclude that Donovan met the requirements set forth in both sections and therefore vacate the court's judgment.

## I. BACKGROUND

[¶ 3] On the night of June 21, 1994, Donovan, his girlfriend Robyn Reed, and two others met at Donovan and Reed's home to celebrate Reed's recent divorce. After a series of disturbances and police involvement at the home, in the early morning hours of June 22, 1994, the police arrested Donovan. Reed told the police that Donovan had raped her.[1]

[¶ 4] Donovan was arrested and the sweatpants he was wearing were taken for evidentiary purposes. Reed was taken to the hospital where her underwear and the blanket she was wrapped in were taken to preserve any evidence on them. During

¶ 2, 698 A.2d 1045, 1046–47.

this initial visit to the hospital, Reed did not consent to a physical examination, but on her return to the hospital hours later, she was examined and evidence from the examination was preserved. A used condom found in the kitchen trash on the evening of June 22 was also taken as evidence.

[¶ 5] Donovan argued at trial that he did not have sexual intercourse with Reed on the morning of June 22, 1994. Allison Gingrass, a forensic chemist at the Maine State Police Crime Laboratory, having analyzed several items of physical evidence, testified about possible identification of the individual who deposited semen found on Reed's external genitalia during her second hospital visit and in the condom found in Donovan's kitchen trash can.

[¶ 6] Gingrass concluded that at least some part of the mix of blood and semen on a swab containing fluid taken from Reed's external genitalia belonged to an individual in Reed's blood group. She testified that, in a mixture of fluids, a more prevalent fluid can mask other fluids making it difficult to determine if a different blood group is also present. Donovan is of a different blood group from Reed and no evidence of his blood group was identifiable on the swab.

[¶ 7] Gingrass also testified that the semen in the condom found by the police in Donovan's kitchen trash can came from someone in Donovan's blood group, and that a pubic hair found in the condom was similar to a sample taken from Donovan and dissimilar to a sample taken from Reed. She testified that it could not be determined when the condom was used.

[¶ 8] The State, in its closing, referred to the chemical analysis, reiterating that Donovan's blood group was consistent with that of the semen in the condom, and also argued that Donovan attempted to conceal the condom in the trash.

[¶ 9] A jury found Donovan guilty of gross sexual assault (Class A)[2] and three other crimes. Donovan appealed from the decision and requested leave to appeal his sentence. We affirmed Donovan's convictions, and denied him leave to appeal his sentence. The Superior Court granted Donovan's motion to preserve the evidence. In 1999, the Superior Court also conducted a post-conviction review hearing on Donovan's claim of ineffective assistance of counsel and found against him.[3]

[¶ 10] In 2002, Donovan filed a post-conviction motion for DNA analysis. He sought to have several pieces of evidence analyzed.[4] In his motion, in addition to again denying that he had sexual intercourse with Reed on the morning of June 22, 1994, Donovan contended that Reed had consensual sexual intercourse with another individual between her first and second visits to the hospital on June 22, and that that individual was responsible for the semen on the swab.

[¶ 11] In denying his motion and in granting the State's motion to dismiss, the Superior Court concluded that, contrary to the State's contention, Donovan had presented prima facie proof that the evidence he sought to analyze was, pursuant to section 2138(4)(A), material to his identity as the perpetrator of the gross sexual assault. The court further concluded, however, that

---

**2.** Donovan was convicted of gross sexual assault pursuant to 17-A M.R.S.A. § 253(1)(A) (Supp.1996) (current version at 17-A M.R.S.A. § 253(1)(A) (Supp.2003)).

**3.** This post-conviction review was recorded under a separate docket number: *Donovan v.*

*State,* CR-98-71 (Me. Super Ct., Ken. Cty., Sept. 10, 1999) (*Studstrup, J.*).

**4.** He sought analysis of some evidence that was inappropriate. For example, he sought analysis of a sanitary pad, which had no evidence of semen on it at all.

Donovan failed to present prima facie proof that, pursuant to section 2138(4)(E), identity was at issue during the trial. This appeal followed.

## II. DISCUSSION

[¶ 12] For the first time, we interpret the meaning of Maine's post-conviction DNA analysis statute. 15 M.R.S.A. §§ 2136–2138 (2003). We review the Superior Court's interpretation of the statute de novo. *State v. Shepley*, 2003 ME 70, ¶ 9, 822 A.2d 1147, 1150. "In interpreting a statute, [w]e look first to the plain meaning of the statutory language as a means of effecting the legislative intent. Unless the statute itself discloses a contrary intent, words in a statute must be given their plain, common, and ordinary meaning . . . ."[5] *Id.* ¶ 12, 822 A.2d at 1151 (internal citations omitted) (alteration in the original).

### A. Title 15 M.R.S.A. § 2138(4)(A): The Evidence Sought to Be Analyzed Is Material to the Issue of Identity

[¶ 13] Maine's post-conviction DNA analysis statute requires a court to order DNA analysis if the individual seeking analysis presents prima facie evidence that:

A. The evidence sought to be analyzed is material to the issue of the person's identity as the perpetrator of, or accomplice to, the crime that resulted in the conviction;

B. A sample of the evidence is available for DNA analysis;

C. The evidence to be tested has been subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced or altered in a material way;

D. The evidence was not previously subjected to DNA analysis or, if previously analyzed, will be subject to DNA analysis technology that was not available when the person was convicted; and

E. The identity of the person as the perpetrator of the crime that resulted in the conviction was at issue during the person's trial.

15 M.R.S.A. § 2138(4)(A)–(E).

[¶ 14] Although we agree with the Superior Court that Donovan met the requirement set forth in section 2138(4)(A), we discuss "materiality" so as to eliminate any confusion regarding this statutory provision.

[¶ 15] The State contends that because Donovan was the only person present with Reed at the time of the alleged rape and that because a finding that the semen was not Donovan's would not "exonerate him of committing the Gross Sexual Assault," the semen could not be material to the issue of Donovan's identity as the perpetrator of the crime. We disagree.

5. In interpreting a statutory provision, we must also look to the entire statutory scheme in order to ensure that we achieve a harmonious result. *Botting v. Dep't of Behavioral and Developmental Servs.*, 2003 ME 152, ¶ 10, 838 A.2d 1168, 1171. Relying on section 2138(8)(B)(1), the State argues that because Donovan denies a rape occurred, he will not be entitled to a new trial even if the DNA analysis excludes him as the source of the semen. *See* 15 M.R.S.A. § 2138(8)(B)(1) (2003) (arguably providing that a precondition for granting a new trial is when "[o]nly the perpetrator of the crime . . . for which [he] was convicted could be the source of the evidence"). In this appeal Donovan argues that there was *no* perpetrator of a crime. We decline to hypothesize whether Donovan may be denied a new trial pursuant to section 2138(8)(B)(1), but clarify that this section plainly mandates that, should a defendant *first* succeed in obtaining favorable DNA evidence, he must *then* meet the requirements of section 2138(8)(B) before being granted a new trial.

[¶ 16] This requirement may be met not only when the results of DNA testing could exonerate the defendant, but also when the testing has the "potential to produce new ... evidence" that "tends to significantly advance" the defendant's claim of innocence. *People v. Savory*, 197 Ill.2d 203, 258 Ill.Dec. 530, 756 N.E.2d 804, 810, 811 (2001). Donovan contends that the DNA evidence will establish that someone other than he had sexual intercourse with Reed. This potential evidence, "tend[ing] to significantly advance" Donovan's claim that he did not rape the alleged victim and that Reed instead attempted to frame him by having consensual sex with someone else, meets the requirement of materiality set forth in section 2138(4)(A). *See id.* at 811; *accord Anderson v. State*, 831 A.2d 858, 867 (Del.2003) (adopting Illinois's definition of "materially relevant" and applying it to a situation where favorable DNA analysis would not necessarily completely vindicate the defendant).

B.   Title 15 M.R.S.A. § 2138(4)(E): Identity Was at Issue During Trial

[¶ 17] The Superior Court, in denying Donovan's petition for post-conviction DNA analysis, stated that

identity must be an issue that was actually contested, litigated or placed in question at trial. That is simply not the case here. Reed specifically accused [Donovan], and no one else, of rape. His response then, and now, is that no intercourse occurred between them during the specific time she says she was assaulted ....

[¶ 18] The State argues that it used the evidence of the semen at trial to show merely that sexual activity had occurred and to corroborate Reed's allegation that she had been assaulted, and not to show that she had been assaulted by Donovan. We conclude that Donovan's identity as the person who sexually assaulted Reed was specifically placed in question during trial when the State called Gingrass to testify about the semen found on Reed's external genitalia and on the condom found in Donovan's trash.

[¶ 19] We conclude further that identity may be at issue during a trial even when the alleged victim identifies only the defendant as the perpetrator of a crime but the defendant claims no crime was committed. *See, e.g., Anderson*, 831 A.2d at 869 (stating that identity was at issue where a father accused of sexually assaulting his daughter denied that any crime occurred); *State v. Hockenberry*, 316 Ill. App.3d 752, 250 Ill.Dec. 111, 737 N.E.2d 1088, 1092 (2000) (stating that, in spite of the fact that the victim knew and identified the defendant, because the defendant denied engaging in a sexual act with the victim, identity was at issue).

[¶ 20] For the purposes of meeting the requirements set forth in Maine's post-conviction DNA statute, "[i]dentity is always an issue in a criminal trial unless the defendant admits having engaged in the alleged criminal conduct and relies on a defense such as consent or justification." *Anderson*, 831 A.2d at 865.

The entry is:

Judgment vacated.   Remanded to the Superior Court for further proceedings consistent with this opinion.

Dissent: CLIFFORD, and RUDMAN, JJ.

CLIFFORD, J., with whom RUDMAN, J., joins, dissenting.

[¶ 21] Because this Court ignores our prior case law on when identity of the defendant is at issue in a criminal trial, and fails to construe 15 M.R.S.A. § 2138(4)(E) (2003) in the context of other provisions of the same statute, in effect leaving the "identity at issue" language of

section 2138(4)(E) without significant meaning, I respectfully dissent.

[¶ 22] The Superior Court determined that Donovan failed to present prima facie proof that identity was at issue during the trial, and concluded that, in order to satisfy section 2138(4)(E), "identity must be an issue that was actually contested, litigated or placed in question at trial." Although Donovan claims that the DNA test will reveal that he is not the source of the semen detected on the victim, he does not assert that the person whose semen was found on the victim is the perpetrator of the assault. Accordingly, what was at issue at Donovan's trial, relevant to the DNA, was the source of the semen and Donovan's claim that the victim had sex with another man after the alleged rape and before the hospital examination. This claim, if bolstered by the DNA results, would impeach the victim's credibility. The claim does *not* mean, however, that the identity of the perpetrator was at issue. Donovan asserted there was *no* perpetrator.

[¶ 23] This Court concludes that identity is always at issue during a trial " 'unless the defendant admits having engaged in the alleged criminal conduct and relies on a defense such as consent or justification,' " and that the State placed identity at issue when it introduced evidence linking Donovan to the crime. *See Anderson,* 831 A.2d at 865. In my view, the Court misunderstands the burden that Donovan is required to meet under section 2138(4)(E).

[¶ 24] Although not technically considered an element, *see* 17–A M.R.S.A. § 32 (1983), it is clear that in order to obtain a conviction, the State must *always* prove that the accused was the person who committed the crime. Merely because the State offers evidence linking the accused to the crime, however, does not mean that

identity was at issue in the defendant's trial.

[¶ 25] The Court is correct that identity is *not* at issue in a trial when the defendant admits to doing the act that is allegedly criminal, but relies on a justification such as consent or insanity. *See People v. Urioste,* 316 Ill.App.3d 307, 249 Ill.Dec. 512, 736 N.E.2d 706, 714 (2000). There are other cases when it is clear that identity *is* at issue, such as when it is obvious that the crime occurred, but there is a genuine dispute over who committed the crime; these are the "who done it" cases. *See, e.g., State v. Brookins,* No. 80001074DI, 2002 WL 31477997, at *2, 2002 Del.Super. Lexis 379, at *4 (Del.Super.Ct. Oct. 28, 2002). Here, Donovan was present with the victim when she alleged the criminal act occurred. His defense at his trial was that the crime never occurred.

[¶ 26] We have previously discussed whether identity is at issue during a trial. In the context of exceptions to M.R. Evid. 404(b), we have concluded that identity is *not* at issue when there is no question about who committed the crime, but only a question of whether the crime occurred. Rule 404(b) of the Maine Rules of Evidence excludes "[e]vidence of other crimes, wrongs, or acts ... to prove the character of a person in order to show that the person acted in conformity therewith." Such evidence may be admissible, however, to prove intent, identity, motive, opportunity, plan, etc. *State v. DeMass,* 2000 ME 4, ¶ 12, 743 A.2d 233, 236; *State v. Goodrich,* 432 A.2d 413, 417 (Me.1981). In *Goodrich,* we held that a portion of one witness's testimony as to a prior bad act of the defendant should not have been admitted on the issue of the defendant's identity because there was no "question as to the identity of the perpetrator of the alleged crime. The defendant contended that the

alleged rape did not, in fact, occur. Thus, evidence of other crimes would not have been admitted to prove ... identity." 432 A.2d at 417.

[¶ 27] Moreover, the context of section 2138 does not support the Court's broad construction of section 2138(4)(E). Section 2138 is a post-conviction statute. *See* 15 M.R.S.A. § 2137 (2003). Donovan has been convicted and his conviction was affirmed on appeal. *State v. Donovan,* 1997 ME 181, ¶ 1, 698 A.2d 1045, 1046. The statute provides that a defendant's appeal from a court's decision to deny a motion for DNA analysis or a motion for a new trial is discretionary, and not a matter of right. 15 M.R.S.A. § 2138(6), (11) (2003). The State, however, may appeal, as a matter of right, a court's decision to grant a new trial. *Id.* § 2138(11). This statutory scheme demonstrates a rational and long-held reluctance to disturb a final judgment. *See State v. Haskell,* 515 A.2d 745, 746 (Me.1986).

[¶ 28] More importantly, we must construe a statute in its entirety to give effect to the intent of the Legislature. *Fernald v. Me. State Parole Bd.,* 447 A.2d 1236, 1238 (Me.1982). In this case, should the DNA analysis provide results favorable to the defendant, a hearing would then be held, and the defendant would be required to convince the trial court that, on the basis of the test results, he is entitled to a new trial. Pursuant to 15 M.R.S.A. § 2138(8)(B)(1)–(3) (2003), however, a new trial will be granted to a defendant only if he proves *by clear and convincing evidence* that:

(1) *Only the perpetrator of the crime or crimes for which the person was convicted could be the source of the evidence;*

(2) The evidence was collected, handled and preserved by procedures that allow the court to find that the evidence is not contaminated or is not so degraded that the DNA profile of the analyzed sample of the evidence can not be determined to be identical to the DNA sample initially collected during the investigation; and

(3) The person's purported exclusion as the source of the evidence, balanced against the other evidence in the case, is sufficient to justify that the court grant a new trial.

(Emphasis added.)

[¶ 29] If Donovan were to succeed in having the evidence tested and the semen taken from the examination of the victim were shown to be from a person other than Donovan, because Donovan does *not* assert that the source of the semen is the perpetrator of any crime, Donovan could not satisfy section 2138(8)(B)(1), and pursuant to the statutory scheme, he would not be entitled to a new trial. Our interpretation of section 2138(4)(E) should be informed by, and that section must be construed in conjunction with, the language of section 2138(8), especially section 2138(8)(B)(1). The Legislature would not intend that costly DNA analysis should be conducted without a reasonable chance that results favorable to a defendant would lead to a new trial. The statutory scheme is strongly indicative that the Legislature intended that the "identity at issue" language in section 2138(4)(E) be given more significance than the Court gives it.

[¶ 30] The Superior Court properly construed the "identity at issue" language in section 2138(4)(E) as requiring Donovan to show that his "identity [as the perpetrator] was actually contested, litigated or placed in question at trial." Because the fact of whether the crime occurred, but *not* the identity of the perpetrator of the crime, was what was at issue, I would affirm the Superior Court.