(text box: 1) NO. 5-00-0286

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Union County.

)

v. ) No. 99-CF-17

)

RICKY JOE FRANKS, ) Honorable

) D. D. Bigler, 

Defendant-Appellant. ) Judge, presiding.  

___________________________________________________________________________

JUSTICE RARICK delivered the opinion of the court:  

The defendant, Ricky Joe Franks, was charged in the circuit court of Union County with first-degree murder.  Franks maintained that he had consensual sex with the victim but did not kill her.  He was convicted on October 1, 1999, following a jury trial.  The evidence at the trial included the results from the forensic testing of swab specimens from the victim's vagina, rectum, and mouth.  An analysis of the deoxyribonucleic acid (DNA) extracted from the semen found on the vaginal swab matched the DNA sample taken from Franks.  The State did not have the rectal swab tested.  Stacey Speith, the forensic expert who performed the testing, testified that the rectal swab specimen was not tested for several reasons.  First, there was more seminal fluid present on the vaginal swab than the rectal swab.  Second, the seminal material found on the rectal swab could have been the result of the trickle of semen from the victim's vagina.  Finally, it was not feasible to test every forensic sample collected, because of the time and expense involved.

On March 29, 2000, Franks filed a motion pursuant to section 116-3 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/116-3 (West 1998)) seeking forensic DNA testing of the sample from the rectal swab.  In his motion, Franks alleged that identity was an issue at the trial and that the rectal swab might yield evidence that another person killed the victim.  On April 11, 2000, the trial court denied the motion.  The State filed its response on April 12, 2000.

On appeal, Franks argues that the trial court erred in denying his motion for forensic testing pursuant to section 116-3 of the Code.  He maintains that he made his 
prima facie
 case as required by section 116-3 by asserting that the identity of the murderer was at issue at the trial, that the rectal swab was not subject to testing at the time of the trial, and that the evidence to be tested had been subject to a chain of custody sufficient to establish that it had not been substituted, tampered with, replaced, or altered in any material respect.  Franks contends that the trial court erred in summarily denying the motion where he had made his 
prima facie
 case and where the State had not yet filed a response.

Section 116-3 of the Code provides:

"(a) A defendant may make a motion before the trial court that entered the judgment of conviction in his or her case for the performance of fingerprint or forensic DNA testing on evidence that was secured in relation to the trial which resulted in his or her conviction, 
but which was not subject to the testing which is now requested because the technology for the testing was not available at the time of trial
.  Reasonable notice of the motion shall be served upon the State.

(b) The defendant must present a prima facie case that:

(1) identity was the issue in the trial which resulted in his or her conviction; and

(2) the evidence to be tested has been subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material aspect.

(c) The trial court shall allow the testing under reasonable conditions designed to protect the State's interests in the integrity of the evidence and the testing process upon a determination that:

(1) the result of the testing has the scientific potential to produce new, noncumulative evidence materially relevant to the defendant's assertion of actual innocence; [and]

(2) the testing requested employs a scientific method generally accepted within the relevant scientific community."  (Emphasis added.)  725 ILCS 5/116-3 (West 1998).

The review of a ruling denying a motion for forensic testing pursuant to section 116-3 is 
de novo.
  
People v. Urioste
, 316 Ill. App. 3d 307, 736 N.E.2d 706 (2000).

The clear and unambiguous language of subsection (a) of section 116-3 requires that a defendant show that the evidence in question was not subject to the requested testing at the time of the trial and that the reason it was not subjected to the requested testing is that the technology for such testing was unavailable at the time of the trial.  In his motion, Franks alleged that the rectal swab evidence was not subject to testing at the time of the trial and the requested DNA testing, but nowhere does he allege that the technology for such testing was unavailable at the time of the trial.  Thus, Franks' motion is wholly insufficient to satisfy the requirements of section 116-3(a), and the trial court property denied his motion.

Franks relies on 
People v. Rokita
, 316 Ill. App. 3d 292, 736 N.E.2d 205 (2000), for the proposition that he satisfied the requirements of subsection (a).  In 
Rokita
, Rokita's motion and supporting memorandum referred generally to polymerase chain reaction (PCR)- based testing, but he did not allege that PCR testing was unavailable at the time of the trial.  At the hearing on his motion, Rokita indicated that the specific testing method he sought was a type of PCR testing known as short tandem repeat (STR).  He introduced no evidence, however, as to when such testing first became available.  The State conceded that at the time of the trial PCR testing was in its infant stages and that STR-based PCR testing did not exist.

Rokita's failure to allege in his motion that he sought STR-based PCR testing and his failure to introduce evidence as to when it became available would have been fatal to his position but for the State's concession.  This is the crucial distinction between 
Rokita
 and the present case.  In the present case, there is no similar concession by the State.  Franks argues that the State had not filed its response at the time of the trial court's ruling and that in the face of such "silence," the allegation of his motion must be taken as true.  Franks attempts to equate this "admission" with the State's admission in 
Rokita
.  Even if we accept, 
arguendo
, that the State's failure to respond by the time of the trial court's ruling was an admission of the allegations in his motion, Franks' argument would fail.  All that Franks alleged was that the rectal swab was not subject to forensic DNA testing.  Thus, the most the State could be said to have admitted is that the rectal swab evidence was not subject to testing at the time of the trial.  This is fundamentally different from the admission in 
Rokita
 that the technology for the testing method Rokita sought to utilize did not exist at the time of the trial.  It was this admission that cured Rokita's otherwise fatally defective motion and enabled Rokita to initially satisfy the requirements of subsection (a).  (We note that ultimately a defendant must prove at the hearing on his motion that the technology for the requested testing method was not available.  In 
Rokita
, the State's concession relieved Rokita of this burden.)  The "admission" in the present case is insufficient to cure Franks' failure to allege that the testing technology he requested was unavailable at the time of the trial, and his motion therefore fails to satisfy the requirements of subsection (a).  We conclude that the trial court's dismissal of Franks' motion was proper.

For the foregoing reasons, the judgment of the circuit court of Union County is affirmed.

Affirmed.  

CHAPMAN, P.J., and WELCH, J., concur.

NO. 5-00-0286

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Union County.

)

v. ) No. 99-CF-17

)

RICKY JOE FRANKS, ) Honorable

) D. D. Bigler, 

Defendant-Appellant. ) Judge, presiding.  

___________________________________________________________________________

Opinion Filed
: July 18, 2001

___________________________________________________________________________

Justices
: Honorable Philip J. Rarick, J.

Honorable Charles W. Chapman, P.J., and

Honorable Thomas M. Welch, J.,

Concur

___________________________________________________________________________

Attorney
 Paul Christenson, North 11th & Locust Streets, P. O. Box 1011,

for
 Murphysboro, IL  62966

Appellant
 

___________________________________________________________________________

Attorneys
 Hon. John Bigler, State's Attorney, Union County Courthouse, Jonesboro,

for
 IL  62952; Norbert J. Goetten, Director, Stephen E. Norris, Deputy 

Appellee
 Director, Rebecca E. Etherton, Staff Attorney, Office of the State's Attorneys

Appellate Prosecutor, Route 15 East, P. O. Box 2249, Mt. Vernon, IL

62864

___________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 07/18/01.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.