SECOND DIVISION

September 10, 2002 

No. 1-00-3700

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

ANTHONY JONES,

Defendant-Appellant.

)))))))))

)

)

Appeal from the

Circuit Court of

Cook County.

No. 87 CR 3858

Honorable

Thomas M. Davy,

Judge Presiding.

PRESIDING JUSTICE McBRIDE delivered the opinion of the court:

Following a jury trial, defendant Anthony Jones was found guilty of murder and aggravated battery.  Jones was sentenced to an extended term of 80 years' imprisonment for the murder and a concurrent term of 5 years for the aggravated battery.  The judgments were affirmed on direct appeal in an unpublished order.  
People v. Jones
, 187 Ill. App. 3d 1123 (1989).  Jones has sought postconviction relief numerous times pursuant to the Post Conviction Hearing Act (725 ILCS 5/122-1 
et
 
seq
. (West 2000)).  His most recent appeal from the trial court's dismissal for postconviction relief was denied by this court on March 30, 2001.  His petition for rehearing was denied on April 24, 2001.  
People v. Jones
, 321 Ill. App. 3d 515, 747 N.E.2d 1074 (2001).  Jones now appeals the trial court's denial of his 
pro
 
se
 motion for forensic testing not available at the time of trial (see 725 ILCS 5/116-3 (West 2000)).  He contends that the results of the testing would be materially relevant to his claim of innocence and that he provided the trial court with documentation that the evidence was in the  custody of the State.  

Only the facts pertinent to this appeal, as stated in our 1989 decision, will be repeated here.

On September 26, 1986, the police found the body of 93-year-old Estella Small on her bedroom floor, with a knife embedded in her chest.  Small's torn nightgown was covered in blood and her bedroom was in disarray.  Sixty-one-year-old Dorothy Hill testified that she had been living with Small for approximately two years, working as her housekeeper and caregiver.  At the time of the incident, the defendant, Small's great-grandson, was also living in the house.  Hill testified that on the day of the crime, the defendant assaulted her and she (Hill) escaped from the house and retreated to a neighbor's home where she called the police.  Before the police arrived, Hill, along with other neighbor witnesses, went to a window of the victim's house and called for the victim.  They heard the victim mumble but were unable to make out what she was saying, because the defendant was making loud noises which sounded like a dog howling.  The police arrived and knocked on the door of Small's house for approximately five minutes.  The officers heard barking and howling noises coming from the house.  They eventually entered the house and found the victim on the floor of a bedroom with a knife in her chest.  The officers located the defendant and, after a struggle, the defendant was subdued, handcuffed and arrested.  

Jones's defense at trial was that he left the house that morning and when he returned he heard fighting and screaming.  He ran upstairs and saw Hill with a knife in her hand in the doorway of the victim's bedroom.  Hill ran into her own bedroom and closed the door.  When the defendant saw his great-grandmother covered in blood, he knocked down Hill's bedroom door and assaulted her.  Hill ran outside, where defendant continued to assault her.  Jones then ran back in the house to help the victim.  

The jury found Jones guilty of the murder of his great-grandmother, Estella Small, and guilty of the aggravated assault of Dorothy Hill.  The court sentenced Jones to an extended term of 80 years in the Illinois Department of Corrections for murder and a concurrent 5-year sentence for the aggravated battery.  On August 30, 1999, defendant filed a motion for forensic testing not available at time of trial regarding actual innocence.  Specifically, his motion alleges that the key issue at trial was the identity of the perpetrator.  He also alleges that the murder weapon, a knife that was embedded in the victim's body, had been subject to a sufficient chain of custody.  He further argues that the result of the DNA testing has the scientific potential to produce new, noncumulative evidence relevant to his assertion of actual innocence.  On August 24, 2000, the trial court denied his motion.  The trial court did not address whether identity was at issue at trial.  The court ruled that the defendant's motion failed to establish a 
prima facie
 case relating to the chain of custody of the evidence he seeks to have tested.  Jones now appeals the denied of his motion.

A trial court's ruling on a motion brought pursuant to section 116-3 of the Illinois Code of Criminal Procedure of 1963 is reviewed by this court 
de
 
novo
.  
People v. Hockenberry
, 316 Ill. App. 3d 752, 755, 737 N.E.2d 1088 (2000).  Our review is 
de
 
novo
 because the trial court's decision regarding such a motion is not based upon its assessment of the credibility of the witnesses but on its review of the pleadings and the trial transcripts.  
Hockenberry
, 316 Ill. App. 3d at 755.

The statute provides the following:

"§ 116-3.  Motion for fingerprint or forensic testing not available at trial regarding actual innocence.

(a) A defendant may make a motion before the trial court that entered the judgment of conviction in his or her case for the performance of fingerprint or forensic DNA testing on evidence that was secured in relation to the trial which resulted in his or her conviction, but which was not subject to the testing which is now requested because the technology for the testing was not available at the time of trial.  Reasonable notice of the motion shall be served upon the State.

(b) The defendant must present a prima facie case that :

(1) identity was the issue in the trial which resulted in

his or her conviction; and 

(2) the evidence to be tested has been subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material aspect.

(c) The trial court shall allow the testing under reasonable conditions designed to protect the State's interests in the integrity of the evidence and the testing process upon a determination that:

(1) the result of the testing has the scientific potential to produce new, noncumulative evidence materially relevant to the defendant's assertion of actual innocence; 

(2) the testing requested employs a scientific method generally accepted within the relevant scientific community."  725 ILCS 5/116-3 (West 2000).

The defendant argues that the trial judge denied the motion because he found that Jones had not established a proper chain of custody.  Jones argues that the statute only requires that the defendant make a 
prima facie
 showing that the evidence had been subject to a proper chain of custody.  We agree that, under the statute, Jones was not required to actually produce the evidence.  We do not agree, however, that the trial court held Jones to this standard.  In his ruling, the trial judge stated: "The exhibit the petitioner attaches to his motion is a document the crime lab dated September 23rd, 1986.  The murder occurred, and the petitioner was arrested on September 22nd, 1986.  His trial began on August 20, 1987.  He has made absolutely no showing as to where those items are now, some almost fourteen years later, nor done anything to establish a chain of custody from the Chicago Police Department, when they were received by the crime lab, to wherever, if anywhere, they are now much less to establish their condition for testing at the present time."  Based on his ruling, we do not believe, as defendant suggests, that the trial judge was requiring the defendant to actually produce evidence.  It is apparent that the trial judge found that the defendant failed to show any indication of a chain of custody regarding the evidence. 

In support of his argument that he has produced a sufficient 
prima facie
 chain of custody, defendant draws our attention to a document entitled "Request for Evidence – Medical Examiner's Office."  This document appears to be a request for evidence.  Handwritten on the form is a request for "1 Kitchen Knife" and "1 Nightgown."  Also, there are boxes checked in the middle of the form indicating right and left fingernail clippings.  The victim's name, Estella Small, is indicated on the top of the form.  Jones argues that this document indicates that the evidence was in State custody prior to trial.  He goes on to state: "Absent further evidence to the contrary, this document shows the State had control over the evidence."  

People v. Gibson
, 287 Ill. App. 3d 878, 679 N.E.2d 419 (1997), provides that a chain of custody looks to proof of delivery of the evidence, presence and safekeeping.  
Gibson
, 287 Ill. App. 3d at 882.  While we agree with the defendant that he is only required to provide us with a 
prima facie
 showing of chain of custody, under the requirements of a chain of custody, we do not find that defendant has even met a 
prima facie
 burden.  As noted by the State in its brief, there is no indication in the record that fingernail clippings were ever taken from the victim.  Additionally, Jones has not provided us with any information, aside from the document, that evidence was collected, preserved, transported, or stored.  We do not find that the defendant has established a 
prima facie
 case that the evidence he requests to be tested has been subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material aspect, as required by section 116-3.  

Defendant also argues that he was at a disadvantage when attempting to show chain of custody because he was incarcerated and not represented by counsel.  He cites 
People v. Edwards
, 197 Ill. 2d 239, 757 N.E.2d 442 (2001), for the proposition that a 
pro
 
se
 defendant need only present a limited amount of detail due to his lack of knowledge regarding the precise legal basis or legal elements of his claim.  
Edwards
, 197 Ill. 2d at 245.  However, 
Edwards
 directly addressed a postconviction relief petition.  We agree with the State that the statutory schemes for postconviction and forensic DNA testing are completely different.  Importantly, the postconviction statute allows for claims meriting the appointment of counsel (725 ILCS 5/122-4 (West 2000)), where the forensic testing statute does not.  

Additionally, we granted the defendant's motion to cite additional authority in order to allow the defendant to cite 
People v. Johnson
, No. 85134 (April 18, 2002).  After reviewing 
Johnson
, we find it readily distinguishable from the instant case.  In 
Johnson
, the defendant contended that the State possessed forensic evidence that would establish his innocence, namely, a Vitullo rape kit.  At trial in that case, the State introduced the Vitullo rape kit that had been completed at the hospital where the victim had been treated.  The Illinois Supreme Court concluded that the defendant made a 
prima facie
 showing that the rape kit was subject to a sufficiently secure chain of custody in that the kit would have remained in the custody of the circuit court clerk after the defendant's conviction.  We agree with the 
Johnson
 court that those facts may establish a sufficient chain of custody.  We do not agree with the defendant in the instant case that potential forensic evidence that may or may not have been collected and that may or may not be in the custody of the State satisfies the chain of custody requirement.  Even taking into account the lower standard we may afford a 
pro
 
se
 defendant, we do not find that Jones has met the chain of custody requirement set forth in section 116-3.  

Defendant also argues that he has met the "identity" requirement in section 116-3.  We note that the statute provides that both the identity requirement and the chain of custody requirement be met for the defendant to be successful in a motion for forensic testing under this statute.  Because we find that the defendant has failed to establish any evidence of a sufficient 
prima facie
 chain of custody, we need not address the "identity" requirement.

Finally, Jones argues that DNA test results have the potential to be materially relevant to his assertion of innocence.  The defendant's only basis for this argument is that since the medical examiner testified that the victim had defensive wounds on her hands, it was likely that fingernail clippings would reveal the DNA of the offender.  Thus, if Dorothy Hill's DNA was discovered in the victim's fingernail clippings, then this would support Jones's theory that Hill killed the victim.  Jones provides no case law to support this contention.

The State counters that since Hill lived in the same house as Small and assisted Small with her personal needs, the presence of Hill's DNA under Small's fingernails would have no evidentiary value whatsoever.  In 
People v. Savory
, 197 Ill. 2d 203, 756 N.E.2d 804 (2001), the Illinois Supreme Court held that while a defendant need not demonstrate that a DNA test result favorable to him would completely exonerate him, evidence which is "materially relevant" to his claim should significantly advance that claim.  
Savory
, 197 Ill. 2d at 213.  We do not find that the evidence in this case is sufficient to show that a forensic test favorable to Jones would significantly advance his claim.  We find no merit in Jones's claim that the trial court erred in denying his motion for forensic testing.  Therefore, the denial of the defendant's motion is affirmed.

Affirmed.

GORDON, P.J. and BURKE, J., concur.