THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JASON SHELTON, Defendant-Appellant.

Third District    No. 3—02—0832

Opinion filed July 1, 2004.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward D. Smith, State's Attorney, of Kankakee (Lawrence M. Bauer and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HOLDRIDGE delivered the opinion of the court:

The defendant, Jason Shelton, was convicted of first degree murder (720 ILCS 5/9—1(a)(1) (West 1996)) and concealment of a homicidal death (720 ILCS 5/9—3.1(a) (West 1996)). He was sentenced to concurrent terms of 50 and 5 years' imprisonment, respectively. The conviction was affirmed by this court. *People v. Shelton*, No. 3—98—0317 (2000) (unpublished order under Supreme Court Rule 23). Subsequently, the defendant filed a posttrial motion requesting deoxyribonucleic acid (DNA) testing, pursuant to section 116—3 of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/116—3 (West 2002)). The trial court denied that motion, and we affirm.

## I. FACTS

At trial, the evidence established that the body of Elijah Thomas was discovered in a Kankakee trash Dumpster on May 29, 1997. It was later determined that Thomas had died from strangulation, suffocation, and blunt cerebral trauma. Evidence introduced against the

defendant indicated that he and Quincy Jones beat and strangled the victim. The two then carried the body to a nearby Dumpster.

In addition to this and other testimony, forensic evidence was introduced. Fingernail scrapings from the victim's 10 fingernails were subjected to DNA testing. All but one yielded positive results for human DNA. However, more specific results proved inconclusive. The State's expert explained that every time DNA analysis was performed, a series of control tests were also performed. If any one of the control tests revealed the presence of DNA, then the entire result was considered inconclusive. In this case, the expert testified that one of the control tests indicated the presence of DNA. Therefore, the entire test was determined to be inconclusive. The problem had occurred because the tests had not been run "clean enough" to yield reliable results.

Thereafter, the defendant was convicted and sentenced. The conviction was upheld on appeal. Subsequently, the defendant filed a posttrial motion asking for new DNA testing. The trial court denied that motion, finding that: (1) the defendant did not allege or request testing that was not available at the time of the trial, and (2) any test result would not significantly advance the defendant's claim of innocence. The defendant timely appealed.

## II. ANALYSIS

On appeal, the defendant argues that the trial court erred in denying his motion for DNA testing. Because we find that the defendant failed to allege or request DNA testing that was not available at the time of the trial, we affirm the trial court's ruling.

A trial court's ruling on a motion brought pursuant to section 116—3 of the Code is reviewed *de novo*. *People v. Savory*, 309 Ill. App. 3d 408, 722 N.E.2d 220 (1999), *aff'd*, 197 Ill. 2d 203, 756 N.E.2d 804 (2001). In construing section 116—3 of the Code, we give the statutory language its plain and ordinary meaning. *People v. Stevens*, 315 Ill. App. 3d 781, 733 N.E.2d 1283 (2000). A court may also consider the reason and necessity of the law, the evil sought to be remedied and the purpose to be achieved. *People v. Frieberg*, 147 Ill. 2d 326, 589 N.E.2d 508 (1992).

Section 116—3(a) of the Code provides that "[a] defendant may make a motion before the trial court *** for the performance of fingerprint or forensic DNA testing on evidence that was secured in relation to the trial which resulted in his or her conviction, but which was not subject to the testing which is now requested *because the technology for the testing was not available at the time of trial*." (Emphasis added.) 725 ILCS 5/116—3(a) (West 2002). Thus, as was

noted by the Fifth District, "[t]he clear and unambiguous language of subsection (a) of section 116—3 requires that a defendant show that the evidence in question was not subject to the requested testing at the time of the trial and that the reason it was not subjected to the requested testing is that the technology for such testing was unavailable at the time of the trial." *People v. Franks*, 323 Ill. App. 3d 660, 662, 752 N.E.2d 1274, 1276 (2001). Moreover, the legislature enacted this statute because it "recognized that advances in scientific technology harbored the potential to correct injustice through the highly reliable use of genetics." *People v. Urioste*, 316 Ill. App. 3d 307, 310, 736 N.E.2d 706, 710 (2000).

The instant evidence was subjected to DNA testing before trial, but the results obtained were deemed inconclusive because the control tests were not "clean enough." The defendant's motion seeks to have the evidence retested in hopes of obtaining a conclusive result. However, nowhere in the motion does the defendant allege that the DNA tests he is seeking were not available at the time of trial. Indeed, he admits that DNA testing—albeit testing that did not yield a conclusive result—was performed before his trial. The defendant simply seeks to have the process repeated.

The trial court correctly denied the defendant's motion. To have granted the defendant's request would have been contrary to both the express language of the statute and the intent of the legislature. The defendant's circumstances are simply not akin to those contemplated by the legislature in enacting section 116—3. Because the defendant has failed to overcome this threshold issue, we need not address his additional contentions.

## III. CONCLUSION

For the reasons stated, we affirm the judgment of the circuit court of Kankakee County.

Affirmed.

LYTTON and O'BRIEN, JJ., concur.