(text box: 1) NO. 5-03-0754

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS, )  Appeal from the

)  Circuit Court of

     Plaintiff-Appellee, )  Madison County.

)

v. )  Nos. 88-CF-337 & 88-CF-715

)

JACK LAMMING, )  Honorable

)  Ann Callis,

     Defendant-Appellant. )  Judge, presiding.

___________________________________________________________________________

PRESIDING JUSTICE DONOVAN delivered the opinion of the court:

Defendant, Jack Lamming, appeals from the judgment of the circuit court of Madison County denying his motion for DNA testing pursuant to section 116-3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/116-3 (West 2002)).

On September 22, 1988, defendant pled guilty in No. 88-CF-337 to the offenses of home invasion, aggravated criminal sexual assault of a 73-year-old woman, and residential burglary.  He was sentenced to concurrent prison terms of 20 years for home invasion, 25 years for aggravated criminal sexual assault, and 15 years for residential burglary.  In No. 88-CF-715, defendant pled guilty to home invasion, two counts of aggravated criminal sexual assault of a 48-year-old woman, and residential burglary.  He was sentenced to concurrent prison terms of 20 years for home invasion, 20 years for each count of aggravated criminal sexual assault, and 15 years for residential burglary.  His sentences in No. 88-CF-715 were ordered to run consecutively to the sentences in No. 88-CF-337, for a total agreed-upon sentence of 45 years' imprisonment.

Over the years, defendant has filed several postconviction petitions.  This time we are faced with his revised motion for forensic DNA testing.  Defendant asserts in his motion that he is entitled to testing of the seminal material recovered because the procedures used in 1988 by Lifecodes laboratory were flawed.  The circuit court, in denying defendant's motion, ruled that defendant had admitted his guilt by entering pleas of guilty, the evidence at issue had been subject to DNA testing prior to his guilty pleas, and defendant had received the benefit of his plea bargain with the State.  Defendant argues on appeal that DNA testing has the potential to produce new, noncumulative evidence materially relevant to his claim of innocence, especially in light of the fact that Lifecodes had been found to have performed unreliable testing in 1988.  Defendant argues that Lifecodes' unreliability at a time contemporaneous with the testing performed on the evidence from his case is tantamount to a failure to test at all.

A trial court's ruling on a motion brought pursuant to section 116-3 is reviewed
 de novo
.  
People v. Hockenberry
, 316 Ill. App. 3d 752, 755, 737 N.E.2d 1088, 1091 (2000).  And, in construing section 116-3, we are obliged to give the statutory language its plain and ordinary meaning.  
People v. Stevens
, 315 Ill. App. 3d 781, 784, 733 N.E.2d 1283, 1286 (2000).

To be entitled to DNA testing pursuant to section 116-3, a defendant must first present a 
prima facie
 case that identity was at issue at his trial and that the evidence to be tested has been under a secure chain of custody.  725 ILCS 5/116-3(b) (West 2002).  The plain and unambiguous language of the statute presupposes the existence of a trial and a conviction resulting from that trial.  Without a trial, there is no way to satisfy the identity-at-issue requirement.  Accordingly, defendant cannot meet the first prong of the test.  Defendant did not proceed to trial but pled guilty.  Moreover, postconviction testing is predicated upon a claim of actual innocence.  If a defendant does not deny committing the acts charged, there would be no reason to test for new evidence potentially relevant to the question of innocence.  As recognized in 
People v. Urioste
:

"[O]ur legislature wanted postconviction forensic testing to occur only in those cases where such testing could discover new evidence at sharp odds with a previously rendered guilty verdict 
based upon criminal acts that the defendant denied having engaged in
.  Our legislature did not want convicted defendants who admitted at their trial to the commission of the acts charged, and did not contest the question of who committed those acts, to make a mockery of the criminal justice system and the statute's grace."  (Emphasis in original.)  
People v. Urioste
, 316 Ill. App. 3d 307, 316, 736 N.E.2d 706, 714 (2000).

Because defendant pled guilty, he did not have a trial, he did not deny committing the acts charged, and identity was not at issue.  The trial court, therefore, correctly denied defendant's postconviction motion for DNA testing.

We further note that DNA technology was available at the time when defendant pled guilty and that the material collected was subjected to DNA testing.  To have granted defendant's request for retesting would have been contrary to both the express language of the statute and the intent of the legislature.  See 
People v. Shelton
, 351 Ill. App. 3d 292, 294, 813 N.E.2d 755, 757 (2004).

"The clear and unambiguous language of subsection (a) of section 116-3 requires that a defendant show that the evidence in question was not subject to the requested testing at the time of the trial and that the reason it was not subjected to the requested testing is that the technology for such testing was unavailable at the time of the trial." 
People v. Franks
, 323 Ill. App. 3d 660, 662, 752 N.E.2d 1274, 1276 (2001).

See also 
People v. Price
, 345 Ill. App. 3d 129, 142, 801 N.E.2d 1187, 1199 (2003).  Again, we conclude that the trial court correctly denied defendant's motion.

Defendant's reliance on 
People v. Castro
, 144 Misc. 2d 956, 545 N.Y.S.2d 985 (N.Y. Sup. Ct. 1989), and 
People v. Lipscomb
, 215 Ill. App. 3d 413, 574 N.E.2d 1345 (1991), to declare that the DNA testing performed by Lifecodes was unreliable is misplaced.  In 
Castro
, a New York trial court held that DNA evidence was inadmissible unless a heightened 
Frye
 standard of admissibility (
Frye v. United States
, 293 F. 1013 (D.C. Cir. 1923)) was satisfied.  
Castro
's heightened 
Frye
 standard does not govern the admissibility of DNA evidence in Illinois.  See 
People v. Miller
, 173 Ill. 2d 167, 670 N.E.2d 721 (1996).  And, with respect to 
Lipscomb
, while the testifying expert had concerns over procedures used by Lifecodes in a particular case, he further opined that Lifecodes' reputation in the scientific community, in general, was good.  Here defendant offers nothing more than speculation to support his claim that the results of the DNA testing performed on the evidence in his case are unreliable.  Additionally, by pleading guilty, defendant consciously chose not to challenge the State's representation that the DNA testing performed by Lifecodes revealed a match between his blood and the semen found at the crime scene, thereby ending the controversy.

For the aforementioned reasons, we affirm the judgment of the circuit court of Madison County.

Affirmed.

WELCH and HOPKINS, JJ., concur.

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 07/19/05.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.