# Illinois Official Reports

## Appellate Court

---

### *People v. Griffin*, 2017 IL App (1st) 143800

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH GRIFFIN, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-14-3800 |
| Filed<br>Rehearing denied | June 27, 2017<br>July 31, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. 12-CR-13428, 13-CR-12564; the Hon. Thaddeus L. Wilson, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Michael H. Orenstein, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Annette Collins, Matthew Connors, and Gina DiVito, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE MASON delivered the judgment of the court, with opinion.<br>Presiding Justice Hyman and Justice Pierce concurred in the judgment and opinion. |

¶ 1 Pursuant to 2014 guilty pleas, defendant Joseph Griffin was convicted of burglary (case No. 13 CR 12564) and unlawful use of a weapon by a felon (case No. 12 CR 13428) and sentenced to concurrent prison terms of six and five years, respectively, with fines and fees. More than 30 days after sentencing in both cases, Griffin filed a *pro se* motion to correct the mittimus to reflect a different custody date for purposes of calculating presentence detention credit. On appeal from the denial of that motion, Griffin abandoned his claim regarding the date he was taken into custody but contends for the first time that certain fines and fees were erroneously assessed and that he is entitled to presentencing detention credit against his remaining assessments. We find that we may not reach the merits of his claims since Griffin failed to file a motion pursuant to Illinois Supreme Court Rule 604(d) (eff. Mar. 8, 2016) within 30 days of sentencing and, in any event, the trial court's denial of his motion was not a final and appealable order. Accordingly, we dismiss the appeal.

¶ 2 Griffin entered a negotiated guilty plea and was sentenced in case No. 12 CR 13428 on April 1, 2014. He entered his negotiated guilty plea and was sentenced in case No. 13 CR 12564 on April 17. Griffin did not file a motion to withdraw his plea or reconsider his sentence, nor did he file a direct appeal in either case. On September 9, Griffin filed a *pro se* motion to correct the mittimus *nunc pro tunc* in both cases, asserting that the trial court inadvertently calculated his presentencing detention credit using an incorrect custody date.

¶ 3 Finding no mistake, the court denied Griffin's motion in case No. 12 CR 13428 on September 25 and in case No. 13 CR 12564 on October 8. The clerk of the court notified him of the rulings in an October 21 letter, and he filed a *pro se* notice of appeal by mail on November 6.

¶ 4 As noted, Griffin does not challenge here the trial court's denial of his motion. Instead, he raises several entirely new issues regarding the propriety of the fees and fines that were assessed against him. In particular, he claims that under section 110-14 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-14 (West 2014)), which governs presentence custody credit, he is entitled to a $5 *per diem* credit against certain assessments; he also contends that the trial court assessed him $15 in fees that are not applicable to his convictions.

¶ 5 This case is but one of hundreds of criminal appeals involving fines-and-fees issues that were overlooked at the trial court level and raised for the first time on appeal. A Westlaw search reveals that in 2016 alone, there were 137 cases in this court where a defendant challenged the imposition of fines and/or fees and 83 cases in which a defendant asserted error in the application of *per diem* credit against his fines, all for the first time on appeal. Initially, we observe that many of these issues could easily be discovered and resolved at the trial court level with more diligent oversight by prosecutors and defense attorneys alike. For instance, one of the fines Griffin challenges here is a $5 court system fee that applies only in certain traffic cases (725 ILCS 5/5-1101(a) (West 2014))—obviously not something that pertains to his convictions for burglary and unlawful use of a weapon by a felon. But apparently nobody noticed this mistake below; it was only noticed when Griffin filed this *pro se* appeal and the State Appellate Defender was assigned to the case. This happens all too often and makes the appellate court the court of first resort for such issues.

¶ 6      We are aware of no other context in which an appellant may raise entirely new issues on appeal, unrelated to the order or judgment from which appeal is taken, and still obtain review on the merits. Yet this is routine in criminal appeals where fines-and-fees issues are raised for the first time in this court. In fact, it has become so routine that the parties in this case did not even address the question of our jurisdiction until we requested supplemental briefing on the matter.

¶ 7      The time has come to take a more serious look at this problem, both for the sake of preserving proper appellate jurisprudence and for the sake of judicial economy. Copious amounts of time, effort, and ink are spent resolving these issues at the appellate level when many of them are more appropriately resolved at the trial level through (i) routine review of judgment orders after their entry—a task that would take at most minutes—and (ii) cooperation between the parties to correct any later-discovered errors by means of agreed orders. See *In re Derrico G.*, 2014 IL 114463, ¶ 107 (State's Attorney has a duty to see that justice is done, not only for the public, but also for the defendant); see also *People v. Brown*, 388 Ill. App. 3d 104, 112 (2009) (State concedes that $5 court system fee was imposed in error and should be vacated). We encourage both the State's Attorney and the public defender to review judgment orders upon entry to ensure that fines and fees are correctly assessed. We further encourage an open line of communication between the public defender's office and the State's Attorney's office, so that when defense counsel discovers an obvious clerical error in the imposition of fines and fees, he or she can contact the State's Attorney, and the error can be corrected expeditiously at the trial level by means of an agreed order.

¶ 8      Without oversight and open communication at the trial level, the State Appellate Defender frequently brings these questions in the first instance to the appellate court, where the justification for addressing them on the merits is, at best, questionable.[1] Before our supreme court's decision in *People v. Castleberry*, 2015 IL 116916, defendants frequently argued that fines-and-fees errors raised for the first time on appeal were reviewable under the void judgment rule, which provided that a judgment not conforming to a statutory requirement was void and subject to challenge at any time. See, *e.g.*, *People v. Breeden*, 2014 IL App (4th) 121049, ¶ 56 (fine was void where it was below the statutory minimum), *vacated by* No. 118880 (Ill. Jan. 20, 2016) (supervisory order directing the appellate court to reconsider in light of *Castleberry*). But *Castleberry* abolished the void judgment rule, reasoning that "whether a circuit court complies with a statutory sentencing requirement in a criminal proceeding is irrelevant to the question of jurisdiction." *Castleberry*, 2015 IL 116916, ¶ 16; see *People v. Reed*, 2016 IL App (1st) 140498, ¶ 13 ("Defendant asserts that his fees are void, and may therefore be challenged at any time [citation]. In light of *People v. Castleberry* [citation], this rule no longer applies.").

¶ 9      Nor is the plain error doctrine an appropriate vehicle for review in cases where the complained-of error does not stem from failure to provide a fair process for determining the fine or fee at issue, but a mere clerical mistake—which encompasses the majority of such

---

[1]This is not a criticism of the State Appellate Defender's office. When its attorneys notice unresolved fines-and-fees errors, they do their best to obtain relief for their clients, as they should. But it is reflective of the problems within the system as a whole that the State Appellate Defender is so frequently the first to raise these errors.

cases. Ill. S. Ct. R. 615(a) ("Plain errors or defects *affecting substantial rights* may be noticed although they were not brought to the attention of the trial court." (Emphasis added.)); see *People v. Taylor*, 2016 IL App (1st) 141251, ¶ 28 (where defendant challenged the imposition of two $2 fees, court stated that it would be "hard-pressed" to consider the assessment an error affecting substantial rights, "given the insubstantial nature of the fees assessed"). Thus, in the wake of *Castleberry* and given the "narrow and limited" scope of plain error review (*People v. Herron*, 215 Ill. 2d 167, 177 (2005)), it is questionable whether appellate courts may or should address contentions of error regarding fines and fees that were never raised in the trial court.

¶ 10    We must consider whether we have jurisdiction to consider the merits of Griffin's contentions regarding his fines and fees. This issue entails a three-step analysis: (1) Did the trial court have jurisdiction to reach the merits of Griffin's motion to correct the mittimus, even though the motion was filed more than 30 days after sentencing? (2) If so, is Griffin's appeal from the denial of that motion properly before this court? (3) If so, can Griffin "piggyback" his fines-and-fees issues into this appeal, despite his failure to raise them before the trial court? For the reasons that follow, we answer the first question in the affirmative but the second question in the negative, and therefore, we need not proceed further with our analysis.

¶ 11    Ordinarily, a defendant who pleads guilty has 30 days from the date of sentencing to file a motion to withdraw the guilty plea and vacate the judgment or a motion to reconsider sentence. Ill. S. Ct. R. 604(d) (eff. Mar. 8, 2016). Griffin filed no such motion. Griffin's failure to file a timely Rule 604(d) motion precludes us from considering his appeal on the merits. As our supreme court has explained:

"The filing of a Rule 604(d) motion is a condition precedent to an appeal from a judgment on a plea of guilty. [Citation.] The discovery that a defendant has failed to file a timely Rule 604(d) motion in the circuit court does not deprive the appellate court of jurisdiction over a subsequent appeal. [Citation.] As a general rule, however, the failure to file a timely Rule 604(d) motion precludes the appellate court from considering the appeal on the merits. Where a defendant has failed to file a written motion to withdraw his plea of guilty or to reconsider his sentence, the appellate court must dismiss the appeal ***." *People v. Flowers*, 208 Ill. 2d 291, 300-01 (2003).

Accordingly, for this reason alone, we would be required to dismiss Griffin's appeal.

¶ 12    It is well established that a trial court retains jurisdiction to correct clerical errors or matters of form at any time after judgment so as to make the record conform to the actual judgment entered by the court. *Beck v. Stepp*, 144 Ill. 2d 232, 238 (1991), *overruled on other grounds by Kingbrook, Inc. v. Pupurs*, 202 Ill. 2d 24, 30-33 (2002); *People v. Nelson*, 2016 IL App (4th) 140168, ¶ 39. In his September 8 motion, Griffin asserted a clerical error by the trial court—the inadvertent use of the wrong custody date—so the trial court had jurisdiction to consider his motion notwithstanding his lack of compliance with Rule 604(d). That jurisdiction, though, does not automatically extend to this court.

¶ 13    The denial of Griffin's motion to correct the mittimus is not a final and appealable order over which we have jurisdiction. An order is final and appealable if it " 'determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment.' " *People v. Vari*, 2016 IL App (3d) 140278, ¶ 9 (quoting *People ex rel. Scott v. Silverstein*, 87 Ill. 2d 167, 171 (1981)). In this case, the orders that determined

the litigation on the merits were the judgments entered against Griffin on April 1 and April 14 pursuant to his guilty pleas. In denying Griffin's September 9 motion, the court found that it committed no clerical error in entering those judgments and, therefore, left the original judgments in place. The court did not enter any new judgment from which Griffin could appeal.

¶ 14 In this regard, this case is analogous to *People v. Salgado*, 353 Ill. App. 3d 101 (2004). After Salgado was convicted, he filed a *pro se* petition for free transcripts of earlier proceedings. The circuit court denied his motion, he appealed, and this court dismissed his appeal, finding that the denial of the motion was not a final and appealable order. *Id.* at 106-07. The court reasoned that there was no pending litigation or proceedings in the trial court at the time of defendant's motion so denying the motion could not be said to have determined any litigation on its merits. *Id.* at 107. Likewise, there no longer was any pending litigation to resolve when Griffin filed his motion to correct the mittimus.

¶ 15 We recognize that a contrary result was reached by the court in *People v. White*, 357 Ill. App. 3d 1070 (2005), but we respectfully disagree with our colleagues' analysis of the jurisdictional issue. The operative facts of *White* are similar to the present case: defendant pled guilty and, after the time for filing a Rule 604(d) motion had passed, moved to correct the mittimus to obtain additional credit for presentence incarceration. *Id.* at 1072. When his motion was denied, he appealed, asserting the trial court erred in denying the motion. In considering the question of jurisdiction, *White* first noted, correctly, that the trial court retained jurisdiction to rule on defendant's motion. *Id.* at 1073. The court then concluded, without any further explanation or any citation of law, that it had jurisdiction over the appeal. *Id.* But it is axiomatic that not every denial of a motion gives rise to a right of appeal. See, *e.g.*, *Salgado*, 353 Ill. App. 3d at 106. Where, as here, a court does not enter or modify a judgment but merely affirms the correctness of an existing judgment, there is no new final order from which to appeal. But even if we agreed with *White*'s analysis, it would not change the result here since Griffin does not seek review of the issue over which the trial court had jurisdiction but instead raises entirely different issues never presented to the trial court.

¶ 16 The remainder of the cases cited by Griffin on this issue are inapposite. In *People v. Whitmore*, 313 Ill. App. 3d 117 (2000), defendant filed a Rule 604(d) motion to withdraw his guilty plea. When the motion was denied, defendant filed a timely appeal, which this court heard on its merits. This situation is readily distinguishable from the present case because Rule 604(d) explicitly allows for appeals from the denial of a motion made pursuant to that rule. Ill. S. Ct. R. 604(d) (eff. Mar. 8, 2016). As noted, Griffin filed no such motion.

¶ 17 In *People v. Hockenberry*, 316 Ill. App. 3d 752 (2000), defendant was convicted of aggravated criminal sexual assault and home invasion in 1989. Ten years later, he moved for forensic DNA testing under section 116-3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/116-3 (West 1998)). He asserted that the DNA testing he sought was not performed by any Illinois laboratories in 1989 and would be relevant to his claim of actual innocence. *Hockenberry*, 316 Ill. App. 3d at 754. When the trial court denied his motion, he appealed. The *Hockenberry* court found it had jurisdiction over the appeal, explaining that a section 116-3 motion gives rise to a "distinct proceeding." *Id.* at 755. When the trial court denied defendant's motion, it resolved that distinct proceeding on the merits, thus giving rise to a right to appeal. *Id.*

¶ 18   By contrast, Griffin's motion did not involve a distinct proceeding; Griffin merely sought to correct an alleged clerical error in the court's written judgment for a proceeding that ended months earlier. And, unlike Griffin, the defendant in *Hockenberry* directly challenged the ruling from which he appealed.

¶ 19   Finally, in *People v. Scott*, 326 Ill. 327 (1927), defendant was convicted of murder and sentenced to death, but he received a stay of execution due to his insanity diagnosis after the entry of judgment. Later examinations determined that his sanity had been restored. After a hearing, the court entered an order setting a date for defendant's execution, and he appealed. *Scott* found jurisdiction existed to address the appeal, explaining: "The order of the court setting the date of the execution, although technically not a judgment, was a final determination of the cause." *Id.* at 352. This is similar to *Hockenberry*, in that it involved a proceeding distinct from the original judgment—in this case, a hearing on defendant's mental capacity—that could support an appeal independent of that original judgment. And, like *Hockenberry*, the defendant in *Scott* did not attempt to raise additional issues not presented to the trial court. Thus, we respectfully disagree with *White*, which, in any event, is distinguishable, and find none of the cases cited by Griffin determinative of the issue before us.

¶ 20   Griffin next argues that we may reach the merits of this appeal through the doctrine of revestment, a doctrine that permits the parties to revest a court with jurisdiction by actively participating, without objection, in proceedings that are inconsistent with the merits of the prior judgment. *People v. Bailey*, 2014 IL 115459, ¶ 9 (citing *People v. Kaeding*, 98 Ill. 2d 237, 241 (1983)). We need not reach the question of whether the prerequisites for revestment have been met in this case because this court has made clear that revestment does not permit review of a defendant's claim on appeal where defendant pleaded guilty and failed to file a timely Rule 604(d) motion. *People v. Haldorson*, 395 Ill. App. 3d 980, 984 (2009). As discussed, even if an appellate court has jurisdiction, "the failure to file a timely Rule 604(d) motion precludes the appellate court from considering the appeal on the merits." *Flowers*, 208 Ill. 2d at 301. Our supreme court has never recognized an exception similar to revestment that would permit parties to bypass the requirements of Rule 604(d). *Haldorson*, 395 Ill. App. 3d at 984. Furthermore, the appellate court lacks authority to make exceptions to supreme court rules. *Id.* (citing *People v. Lyles*, 217 Ill. 2d 210, 216 (2005)). Thus, Griffin's lack of compliance with Rule 604(d) is fatal to this appeal.

¶ 21   Also, we reject the premise that parties may "revest" a reviewing court with jurisdiction over issues that were never raised in the trial court. An essential element of revestment is the participation, without objection, in the later proceedings in the trial court by the party benefited by the judgment. *Bailey*, 2014 IL 115459, ¶ 9. Our jurisdiction on appeal is derivative of the jurisdiction of the trial court. See *In re Estate of Gagliardo*, 391 Ill. App. 3d 343, 349 (2009) (" 'Where the tribunal below has no jurisdiction an appeal can confer no jurisdiction on the reviewing court.' " (quoting *Citizens Utilities Co. of Illinois v. Pollution Control Board*, 265 Ill. App. 3d 773, 777 (1994))). Thus, when the trial court has plenary jurisdiction over a case before it, so do we, to the extent that we may consider grounds for affirmance supported by the record but not argued by the parties. *In re Marriage of Holtorf*, 397 Ill. App. 3d 805, 811 (2010) (appellate court is not limited by the trial court's reasoning or by the parties' arguments but may affirm on any basis supported by the record). By the same token, when the trial court's jurisdiction is limited, those limitations carry over to

- 6 -

jurisdiction on appeal. *Gagliardo*, 391 Ill. App. 3d at 349 (appellant's challenge to the trial court's jurisdiction was necessarily also a challenge to the appellate court's jurisdiction).

¶ 22 Accordingly, unless and until jurisdiction is revested in the trial court over otherwise nonappealable issues, we have no jurisdiction. It tortures the concept of a reviewing court's jurisdiction to speak of revestment of jurisdiction on appeal to address issues never presented in the first instance to the trial court. In this case, the State agrees to revest this court with jurisdiction. But in a case argued the same day, *People v. Grigorov*, 2017 IL App (1st) 143274, another case in which a defendant seeks to address fines and fees issues for the first time on appeal from an unrelated order, the State objects to consideration of the issues and so contests revestment. See *Bailey*, 2014 IL 115459, ¶ 9 (revestment requires party benefited by judgment to participate without objection). Both cases deal with the rights of criminal defendants, and we reject the notion that the State—on a case-by-case basis—dictates the limits of our review and may concede our jurisdiction in a case where, in the State's opinion, it is efficient and fair to do so but reserves the right to contest our jurisdiction when the State unilaterally determines that those purposes will not be served. This *ad hoc* approach invites inconsistent and unprincipled results not guided by any reasoned standard. Fundamentally, parties cannot agree to jurisdiction on appeal where it would otherwise not exist (see *People v. Schram*, 283 Ill. App. 3d 1056, 1060 (1996) ("jurisdiction cannot be waived or stipulated to by the parties")), and so we find that the revestment doctrine does not apply here.

¶ 23 We recognize that there is a line of post-*Castleberry* cases allowing revestment at the appellate level for issues that were not raised below. See, *e.g.*, *People v. Buffkin*, 2016 IL App (2d) 140792, ¶¶ 11-13 (on appeal from the denial of his postconviction petition, defendant could raise new claim of error regarding DNA analysis fee where the parties agreed to revest the appellate court with jurisdiction); *People v. White*, 2016 IL App (2d) 140479, ¶ 42 (following *Buffkin*). For the reasons stated above, we disagree with *Buffkin* and its progeny on this issue. If the State is willing to concede error in the imposition of fines and fees, then it is welcome to do so—but the proper tribunal to revest with jurisdiction over such issues is the trial court.

¶ 24 Lastly, Griffin argues that, regardless of the foregoing arguments, he may raise his claims for monetary *per diem* credit before this court because the statute states that this credit shall be awarded "upon application of the defendant," with no stated time limit. 725 ILCS 5/110-14 (West 2014); see *People v. Woodard*, 175 Ill. 2d 435, 457 (1997) (due to the wording of the statute, a defendant may seek section 110-14 credit for the first time on appeal). In particular, he argues that the present case is analogous to *People v. Caballero*, 228 Ill. 2d 79, 82 (2008), in which defendant raised the issue of section 110-14 credit for the first time on appeal from the denial of his postconviction petition. *Caballero* held that defendant's section 110-14 claim was not cognizable under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2000)); nevertheless, since the statute allows an " 'application of the defendant' " to be made at any time, the court proceeded to the merits of defendant's claim and granted the relief requested. *Caballero*, 228 Ill. 2d at 88, 91.

¶ 25 *Caballero* is distinguishable because it involved an appeal from a properly filed postconviction petition, and it was undisputed that defendant's appeal was properly before the court. *Caballero*, in essence, stands for the proposition that a defendant may "piggyback" a section 110-14 claim onto any properly filed appeal, even if the claim is unrelated to the grounds for that appeal. But in this case, this court lacks authority to hear Griffin's appeal in

the first instance because the only judgment entered by the trial court is the one from which appeal is foreclosed. We decline to extend *Caballero* to permit appellate review of completely free-floating section 110-14 claims in situations where appellate jurisdiction otherwise does not lie. As the *Flowers* court stated, even a claim that may be raised at any time "must be raised in the context of a proceeding that is properly pending in the courts. If a court lacks jurisdiction, it cannot confer any relief ***. The reason is obvious. Absent jurisdiction, *** [the court's order] would itself be void and of no effect." *Flowers*, 208 Ill. 2d at 308.

¶ 26    Our decision does not leave Griffin entirely without recourse. As noted, trial courts retain jurisdiction to correct nonsubstantial matters of inadvertence or mistake; thus, to the extent that Griffin seeks relief for clerical errors, he may petition the trial court for the relief that he seeks. *Nelson*, 2016 IL App (4th) 140168, ¶ 39. And he may also file a motion pursuant to section 110-14 to secure his $5 *per diem* credit against fines. We express no view as to whether the assessments Griffin challenges fall into the category of clerical errors that a trial court retains jurisdiction to correct. But because the denial of Griffin's motion to correct the mittimus was not an appealable order under the facts of this case and because Griffin failed to file a motion in compliance with Rule 604(d), we must dismiss this appeal.

¶ 27    Appeal dismissed.