# Illinois Official Reports

## Appellate Court

---

### *People v. Grant*, 2017 IL App (4th) 150636

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NATHAN GRANT, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-15-0636 |
| Filed | November 27, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Vermilion County, No. 12-CF-79; the Hon. Craig H. DeArmond, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Michael J. Pelletier, Jacqueline L. Bullard, and Ryan R. Wilson, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Patrick Delfino, David J. Robinson, and Allison Paige Brooks, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |
| Panel | JUSTICE APPLETON delivered the judgment of the court, with opinion.<br>Presiding Justice Turner and Justice Steigmann concurred in the judgment and opinion. |

**OPINION**

¶ 1        Defendant, Nathan Grant, appeals the trial court's order denying his motion to amend mittimus. He concedes the issue raised in his motion is moot because he has fully served his sentence, but he uses the opportunity of this appeal to raise an issue regarding the propriety of the imposition of fines by the circuit clerk. The State does not dispute defendant's claim regarding the fines but argues the appeal should be dismissed for lack of subject matter jurisdiction. We agree and dismiss the appeal for a lack of jurisdiction.

¶ 2                                              I. BACKGROUND

¶ 3        In December 2013, defendant pleaded guilty to possession of a controlled substance, and as part of the plea agreement, he agreed to a sentence of two years in prison. His sentence was to be served consecutively to his three-year sentence he was then serving from a prior felony (Douglas County case No. 11-CF-70). Defendant did not file a postplea or postsentencing motion. See Ill. S. Ct. R. 604(d) (eff. Mar. 8, 2016).

¶ 4        In June 2015, defendant filed a *pro se* "motion to amend mittimus," asking the trial court to clarify the mittimus for the Illinois Department of Corrections (DOC). In particular, defendant requested that the sentencing order specify that his two-year prison term began at the end of his prior three-year prison term, not at the end of his mandatory-supervised-release term (MSR) on this three-year sentence. He claimed: "The MSR on [case No.] 11-CF-70 should [run] concurrent to [his two-year sentence] or shouldn't [have] existed at all once [case No.] 12-CF-79's time was calculated to the finished time on [case No.] 11-CF-70." He requested the court "order a new mittimus with orders to [DOC] to calculate defendant's sentence consecutive pursuant to Illinois statutes."

¶ 5        In July 2015, the trial court denied defendant's motion by docket entry, noting the "issue has already been addressed by the court in previous orders." This appeal followed.

¶ 6                                              II. ANALYSIS

¶ 7        Defendant abandons his mittimus issue because his sentence has already been served, and therefore, he acknowledges the issue is moot. However, he uses the opportunity presented by this appeal to argue that certain fines imposed upon him after sentencing should be vacated because they were improperly imposed by the circuit clerk. The State does not disagree. In fact, the State "acknowledges that defendant appears to owe multiple void clerk-imposed fines, according to recent records of the circuit clerk." But the State claims we cannot consider this issue because we are without subject matter jurisdiction.

¶ 8        The First District recently issued an opinion addressing the issue presented here. See *People v. Griffin*, 2017 IL App (1st) 143800. We find the court's opinion in *Griffin* persuasive, and we adopt its reasoning. In *Griffin*, the defendant filed a motion to amend mittimus more than 30 days after sentencing. *Griffin*, 2017 IL App (1st) 143800, ¶ 1. The trial court denied that motion, and the defendant appealed. On appeal, the defendant abandoned the substantive claim but challenged, for the first time, the assessment of certain fines and fees. *Griffin*, 2017 IL App (1st) 143800, ¶ 1. The appellate court dismissed the appeal for lack of jurisdiction because (1) the defendant had failed to file a motion pursuant to Illinois Supreme Court Rule

604(d) (eff. Mar. 8, 2016) within 30 days of sentencing and (2) the order denying the motion to amend mittimus was not a final and appealable order. *Griffin*, 2017 IL App (1st) 143800, ¶ 1.

¶ 9 Not only do we adopt the First District's analysis on the substantive issues, we also adopt the court's *dicta* regarding the frequency of "fines-and-fees issues" raised for the first time on appeals. We agree with the court that such issues are more appropriately resolved at the trial level. It is likely that many such issues could be resolved by (1) the parties' routine review of the judgment orders and (2) cooperation among the parties to correct any errors discovered. See *Griffin*, 2017 IL App (1st) 143800, ¶ 7. We likewise encourage the State's Attorney and defense counsel to review judgment orders upon entry to ensure that fines and fees are correctly assessed. Such a review may eliminate the need for appeals based merely on clerical mistakes. Further, "in the wake of *Castleberry* and given the 'narrow and limited' scope of plain[-]error review (*People v. Herron*, 215 Ill. 2d 167, 177 (2005)), it is questionable whether appellate courts may or should address contentions of error regarding fines and fees that were never raised in the trial court." *Griffin*, 2017 IL App (1st) 143800, ¶ 9 (citing *People v. Castleberry*, 2015 IL 116916).

¶ 10 Because defendant did not file a timely Rule 604(d) motion after his guilty plea, the trial court retained jurisdiction only to "correct clerical errors or matters of form," not to review any substantive issue. *Griffin*, 2017 IL App (1st) 143800, ¶¶ 11-12. That is, here, the trial court *had* jurisdiction to consider defendant's motion to amend mittimus. However, that jurisdiction does not automatically extend to the appellate court. *Griffin*, 2017 IL App (1st) 143800, ¶ 12.

¶ 11 The trial court's order denying defendant's motion to amend mittimus is not a final order for purposes of appeal over which this court has jurisdiction. After the court's denial, the original judgments remained in place. "Where, as here, a court does not enter or modify a judgment *** there is no new final order from which to appeal." *Griffin*, 2017 IL App (1st) 143800, ¶ 15.

¶ 12 Without the filing of a Rule 604(d) motion, this court has no jurisdiction to review the propriety of a trial court's order denying a motion to amend mittimus. The judgments originally entered must stand.

¶ 13                                III. CONCLUSION
¶ 14 For the reasons stated, we dismiss this appeal for want of jurisdiction.

¶ 15 Appeal dismissed.